**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Jesus CHAVEZ, Appellee.**

**No. 2–96–272–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 8, 1998.

Publication Ordered Nov. 5, 1998.

---

450

Texas Department of Public Safety Legal Services and Janette Ansolabehere, Austin, for Appellant.

Lee Pierson, Wichita Falls, for Appellee.

Before DAUPHINOT and RICHARDS, JJ., and JOHN G. HILL, J. (Retired, Sitting by Assignment).

## OPINION

RICHARDS, Justice.

### Introduction

Appellee Jesus Chavez was arrested on February 10, 1996 for driving while intoxicated (DWI). At an administrative hearing, the administrative law judge authorized appellant, Texas Department of Public Safety (DPS), to suspend appellee's driver's license for a period of ninety days. Appellee appealed the decision to the county court. That court reversed the decision of the administrative law judge and held that §§ 724.015, 522.102, and 522.103 of the Texas Transportation Code are unconstitutionally vague when applied to a commercial driver's license holder who is stopped in a non-commercial vehicle and who subsequently refuses to provide a breath or blood sample for testing.

DPS then filed this appeal, arguing in three points that (1) the county court erred in rendering a decision that was not based on the administrative record,[1] (2) the county court erred in holding that certain provisions of the Transportation Code were unconstitutionally vague when applied to someone in appellee's position, and (3) the county court had no jurisdiction to render its decision because appellee did not serve the attorney general as required. Because we conclude that the county court erred in rendering a decision that was not based on the administrative record and in holding that three provisions of the Transportation Code were unconstitutionally vague, we reverse the county court's judgment and render judgment reinstating the suspension of appellee's driver's license.

### Decision Based on Administrical Record

■ DPS argues in its first point that the county court erred in not basing its decision on the administrative record.

Appellee argues that because he has a commercial driver's license, the suspension of his license is governed by Chapter 522 of the Transportation Code and, according to section 2001.221 of the Government Code, Chapter 2001 does not apply to suspensions under Chapter 522. *See* TEX. GOV'T.CODE ANN. § 2001.221 (Vernon Supp.1998). However, Chapter 522 applies only to persons with a commercial driver's license *who are driving a commercial motor vehicle* while having alcohol, a controlled substance, or a drug in their systems. *See* TEX. TRANSP. CODE ANN. §§ 522.081, 522.105 (Vernon Supp.1998). Chapter 522 does not apply to appellee in this case because he was driving a non-commercial vehicle at the time he was arrested.

■ DPS suspended appellee's license under the authority of Chapter 724 of the Transportation Code. "The provisions of this chapter that apply to suspension of a license for refusal to submit to the taking of a specimen ... apply ... to a person arrested for an offense involving the operation of *a motor vehicle.*" TEX. TRANSP. CODE ANN. § 724.002 (emphasis added). Section 724.035 authorizes DPS to suspend for 90 days the license of a person who refuses to submit to the taking of a specimen. *See* TEX. TRANSP. CODE ANN. § 724.035.

Chapter 524 governs appeals from actions of DPS under Chapter 724 in suspending a license. *See* TEX. TRANSP. CODE ANN. § 724.047. Review on appeal is limited to the record certified by the State Office of Administrative Hearings with no additional testimony. *See* TEX. TRANSP. CODE ANN. § 524.043. An administrative record must be offered into evidence at the trial court in an appeal for judicial review brought under the Administrative Procedure Act. *See Nueces Canyon Consolidated Independent School District v. Central Education Agency,* 917 S.W.2d 773, 776 (Tex.1996).

In this case, the administrative record was never offered nor admitted into evidence at the county court. Because review must be confined to the administrative record, the trial court erred in rendering a decision which was based on no evidence. We sustain DPS's first point.

---

1. The record in this case reflects that appellee failed to offer the record from the administrative hearing into evidence in the county court.

### Service on the Attorney General

■ In point three, DPS argues that the county court at law had no jurisdiction to proceed on this matter because appellee failed to serve the Attorney General of the State as required by section 37.006(b) of the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(b) (Vernon 1997).

The main issue before the county court was whether there was sufficient evidence to support the administrative law judge's decision to suspend appellee's driver's license. The county court was functioning as a reviewing court as provided by the Transportation Code. *See* TEX. TRANSP. CODE ANN. § 524.041. Because this case did not arise under the Declaratory Judgments Act, appellee was not required to serve the Attorney General. *See Willard v. Davis*, 881 S.W.2d 907, 910 (Tex.App.—Fort Worth 1994, no writ) (original proceeding). We overrule DPS's third point.

### Constitutional Issues

In point two, DPS argues that the county court at law erred in holding that sections 522.102, 522.103, and 724.015 of the Texas Transportation Code are unconstitutionally vague when applied to a holder of a commercial driver's license who is arrested for DWI while driving a non-commercial vehicle.

■ Appellee argues that he should have been given the statutory warnings contained in Chapter 522 because he has a commercial driver's license. Appellee is correct that Chapter 522 addresses commercial driver's licenses. However, sections 522.102 and 522.103 apply only to persons who are detained while *driving a commercial motor vehicle*. *See* TEX. TRANSP. CODE ANN. §§ 522.102–522.103 (emphasis added). At the time appellee was arrested, he was driving a private pick-up truck, not a commercial motor vehicle. Therefore, these two sections do not apply to him in this situation, and he was not entitled to the warnings contained in these two provisions.

■ When challenging the constitutionality of a statute, the defendant must show that its operation is unconstitutional when applied to him in his situation. *See Briggs v. State*, 740 S.W.2d 803, 806 (Tex.Crim.App.1987); *State v. Garcia*, 823 S.W.2d 793, 799 (Tex. App.—San Antonio 1992, pet. ref'd). The lower court cannot base its findings on hypothetical applications. *See Garcia*, 823 S.W.2d at 799. Because sections 522.102 and 522.103 did not apply to appellee in this situation, he has not shown that these provisions are unconstitutional as applied to him. Likewise, the county court erred in holding that these provisions were unconstitutionally vague.

■ When addressing a challenge to the vagueness of a statute, we must first determine whether the statute is vague as applied to appellee's conduct in this case. *See Raitano v. Texas Department of Public Safety*, 860 S.W.2d 549, 550–51 (Tex.App.—Houston [1 st Dist.] 1993, writ denied). The standard rule is that a statute is unconstitutionally vague if the required course of conduct is stated in terms so vague that people of common intelligence must guess at what is required. *See id.* at 551; *Ex parte Luster*, 846 S.W.2d 928, 930 (Tex.App.—Fort Worth 1993, pet. ref'd); *Mother & Unborn Baby Care of North Texas, Inc. v. State*, 749 S.W.2d 533, 540 (Tex. App.—Fort Worth 1988, writ denied); *see also Briggs*, 740 S.W.2d at 806 (statute is unconstitutionally void for vagueness only when no standard of conduct is obtained at all; when no core of prohibited activity is defined.). A statute is not vague merely because it is imprecise. *See Briggs*, 740 S.W.2d at 806; *Smith v. Smith*, 720 S.W.2d 586, 597 (Tex.App.—Houston [1 st Dist.] 1986, no writ).

■ Statutes that do not impose criminal sanctions and those that do not threaten to restrict constitutionally protected rights are subject to a less strict vagueness test. *See Raitano*, 860 S.W.2d at 551. A driver's license is not suspended for the purpose of visiting additional punishment upon an offender but in order to protect the public against incompetent and careless drivers. Further, driving is not a constitutionally protected right, but a privilege. *See id.* The fact that different consequences are authorized by more than one applicable statute does not reduce the notice given to the defen-

dant of the consequences provided for in each. *See Luster,* 846 S.W.2d at 930 (citing *United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 2203–04, 60 L.Ed.2d 755 (1979)).

 Section 724.015 of the Transportation Code reads in pertinent part:

Before requesting a person to submit to the taking of the specimen, the officer shall inform the person orally and in writing that:

. . .

(2) if the person refuses to submit to the taking of the specimen, the person's *license to operate a motor vehicle* will be automatically suspended, whether or not the person is subsequently prosecuted as a result of the arrest for:

(A) *not less than 90 days* . . . .

*See* TEX. TRANSP. CODE ANN. § 724.015 (emphasis added). This section does not distinguish between commercial and non-commercial vehicles. It applies to all motor vehicles. This section also clearly states that the suspension will be for a *minimum* of 90 days. It does not authorize a maximum limit for the length of the suspension.

Section 522.089 states:

(a) A suspension, revocation, cancellation, or denial of a driver's license or privilege under Chapter 521 or another law of this state disqualifies the person under this chapter.

(b) If this chapter disqualifies a person for a longer period than the other law, the person is disqualified for the longer period.

*See* TEX. TRANSP. CODE ANN. § 522.089. Appellee is correct that this section applies to him because he has a commercial driver's license. However, when this section is read together with § 724.015, it clearly provides that appellee's license could be disqualified for one year. *See* TEX. TRANSP. CODE ANN. § 522.103 ("a refusal to submit a specimen will result in the person's . . . being disqualified from driving a commercial motor vehicle for at least one year. . . .").

A person of common intelligence could easily determine that one year is not less than 90 days and that it is the longer of the two periods. The meaning and applicability of the statutory provisions are clearly stated. *See Penick v. Christensen,* 912 S.W.2d 276, 287 (Tex.App.—Houston [14th Dist.] 1995, writ denied). Therefore, we conclude that the county court erred in holding that § 724.015 is unconstitutionally vague. We sustain DPS's second point.

**Conclusion**

Having sustained two of DPS's three points, we reverse the county court's judgment and render judgment reinstating the suspension of appellee's driver's license for a period of ninety days.