**Robert Gates FINDLAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–00634–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 9, 1999.

Christian C. Samuelson, Houston, for appellants.

William J. Delmore, III, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices ANDERSON and HUDSON.

## OPINION

PAUL C. MURPHY, Chief Justice.

Appellant was charged with the offense of driving while intoxicated (DWI), a violation of TEX. PEN.CODE ANN. § 49.04 (Vernon 1994). After working out a plea bargain, Appellant entered a plea of not guilty and was sentenced to 180 days in jail probated for one year. He was also assessed a $300.00 fine and 35 hours of community service restitution, was required to submit to alcohol testing, and was ordered to attend alcohol awareness classes. Prior to entering this plea, Appellant moved to quash the State's information, claiming that he should have been charged under the statute prohibiting anyone under the age of 21 from driving after consuming any alcohol (the DUI statute). TEX. ALCO. BEV. CODE ANN. § 106.04 (Vernon Supp.1998). The trial court overruled this motion. In two points of error, appellant contends that the trial court erred by overruling his motion to quash. We overrule appellant's two points of error and affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was arrested in Harris County for driving while intoxicated on March 7, 1998, five months before his twenty-first birthday. Appellant subsequently filed a motion to quash the information, claiming that his prosecution for DWI violated TEX. GOV'T CODE ANN. § 311.026. This section of the Texas Code Construction Act is essentially a codification of the common law doctrine of *in pari materia,* a doctrine of statutory construction which dictates that if conflicting statutes cannot be read together, a specific statute prevails over a general one. *See Davis v. State,* 968 S.W.2d 368, 372 (Tex.Crim.App.1998); *State v. Kinkle,* 902 S.W.2d 187, 189 (Tex. App.-Houston [14th Dist.] 1995, no pet.). The crux of appellant's argument is that the DWI and DUI statutes are in irreconcilable conflict, making the more specific DUI statute the appropriate crime with which to charge appellant in the information. After his motion to quash the information was denied, appellant entered a plea of no contest to the DWI charge and instituted this appeal.

### THE CODE CONSTRUCTION ACT DOES NOT APPLY BECAUSE THE DWI AND DUI STATUTES ARE NOT *IN PARI MATERIA*

In his first point of error, appellant contends that trial court abused its discretion

in denying his motion to quash because it failed to apply the Texas Code Construction Act to the conflicting DWI and DUI statutes.

The DWI statute provides that "[a] person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PEN.CODE ANN. § 49.04 (Vernon 1994). The Penal code defines "intoxicated" as:

(A) not having the normal use of mental or physical facilities by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or

(B) having an alcohol concentration of 0.10 or more. TEX. PEN.CODE ANN. § 49.01 (Vernon 1994).

A conviction in a DWI case is a Class B misdemeanor that requires a custodial arrest. *Id.* § 49.01(b).

The DUI statute provides that "[a] minor commits an offense if the minor operates a motor vehicle in a public place while having any detectible amount of alcohol in the minor's system." TEX. ALCO. BEV.CODE ANN. § 106.041(a) (Vernon Supp.1998). "Minor" is defined in the code as "a person under 21 years of age." TEX. ALCO. BEV. CODE ANN. § 106.01 (Vernon1995). A conviction under this statute is a Class C misdemeanor and a custodial arrest is not required. *Id.* § 106.041(f).

■ Appellant contends that these statutes cannot be reconciled, making it appropriate for minors who drive while intoxicated to be prosecuted only under the more specific DUI statute. Appellant, however, also contends that the two statutes are not *in pari materia,* a position that the State correctly notes is inconsistent. Since appellant references the codification of the *in pari materia* doctrine, we read his point of error as making the argument that the two statutes are *in pari materia.* We, however, cannot agree with this contention.

■ Two statutes concerning the same general subject matter, same persons or class of persons, or same general purpose are considered to be *in pari materia. Cheney v. State,* 755 S.W.2d 123, 126 (Tex.Crim.App.1988). Therefore, the two statutes should be harmonized, and if a general statute and a specific statute both proscribe a defendant's conduct, he should be charged under the more specific statute. *Id.* If the statutes contain irreconcilable conflicts in elements of proof or penalties for the same conduct, then the more specific statute controls. *Rodriguez v. State,* 879 S.W.2d 283, 285 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd.). The doctrine is codified in the Code Construction Act contained in the Government Code. The particular provision which codifies this rule provides:

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest interest is that the general provision prevail."

TEX. GOV'T.CODE ANN. § 311.026 (Vernon 1988).

■ The *in pari materia* rule, however, "is not applicable to enactments that cover different situations and that were apparently not intended to be considered together." *Cheney,* 755 S.W.2d at 126. Therefore, our initial focus should be on whether the two statutes are indeed *in pari materia. Id.* at 127. *Cheney* and other Court of Criminal Appeals cases list three factors to consider when making this determination-persons, subject matters, and purposes. *Id.; accord Alejos v. State,* 555 S.W.2d 444, 450 (Tex.Crim.App.1977) (op. on reh'g.). Relying on these cases and

their progeny, appellant contends that the DWI and DUI statutes are *in pari materia* because the statutes cover the same subject matters and persons. We disagree with appellant and find that the two statutes are not *in pari materia*, and that appellant was properly indicted under the DWI statute for driving while intoxicated.

We agree with appellant that the DUI statute and the DWI statute do cover the same persons. · The DWI statute appertains to all drivers in Texas. The DUI statute, by comparison, covers all minor drivers in the state. Thus, the class of persons covered by the DUI statute is included within the class covered by the DWI statute.

While the subject matters covered by the two statutes are similar, we do not believe that they are the same. The DWI statute covers intoxication arising from alcohol consumption, as well as that arising from the ingestion of drugs. The DUI statute, on the contrary, only covers alcohol consumption. While alcohol-induced intoxication must be caused by alcohol consumption, these two subject matters are different. Every person who drinks alcoholic beverages will not automatically become intoxicated. Likewise, every person who is "intoxicated," as that term is defined in the Penal Code, can attain that state as a result of consuming alcohol, as well as other substances.

Even if appellant is correct in his position that the two statutes cover the same subject matter and persons, however, neither of these two factors is determinative to the outcome of our analysis. The most important factor in determining whether statutes are *in pari materia* is whether both statutes have the same purpose. *Cheney*, 755 S.W.2d at 128–29. In *Cheney*, the court noted:

> As between characteristics of the subject matter with which a statute deals and characterization of its object or purpose, the latter appears to be the more important factor in determining whether different statutes are closely enough related to justify interpreting one in light of the other. *For example, it has been held that where the same subject is treated in several acts having different objects the rule of in pari materia does not apply. The adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will not justify applying the rule. Id.* (citing *Alejos*, 555 S.W.2d at 450) (emphasis in original).

Here, the two statutes are located in different acts, with the DWI statute located in the Penal Code and the DUI statute located in the Alcoholic Beverages Code. The purpose of the DWI statute is to protect the safety of those traveling on the roads by prohibiting intoxicated persons from driving a vehicle. The DUI statute, by contrast, was enacted as part of a "zero tolerance" standard for minors driving under the influence of alcohol in an effort to prevent the loss of federal highway funding. SENATE CRIMINAL JUSTICE COMM., BILL ANALYSIS, Tex. S.B. 35, 75th Leg., R.S. (1997). Further, the statute was enacted to "create a separate offense for driving under the influence of alcohol." *Id.* The DUI statute itself provides that DUI is not a lesser included offense of DWI. TEX. ALC. BEV.CODE ANN. § 106.041(g) (Vernon Supp. 1998). The purpose of the DUI statute, therefore, clearly does not preempt the application of the DWI statute to minors.

Even though the two statutes apply to the same persons and have common subject matter, they are contained in different legislative acts, address differing situations, require different elements of proof, and serve different objectives. These differences are sufficient to justify our holding that the two statutes are not *in pari materia. Cheney*, 755 S.W.2d at 129; *Cullen v. State*, 832 S.W.2d 788, 792 (Tex. App.-Austin 1992, pet. ref'd); *see also* Tex. Att'y Gen. Let. Op. 98–153 (1998) (advising that minors can be prosecuted under either the DWI statute or the DUI statute).

Nor do we believe that the two statutes are in irreconcilable conflict. The DWI statute addresses intoxicated driving; the DUI statute addresses minors who drive vehicles after using alcohol. Here, the State properly exercised its discretion to prosecute appellant under the DWI statute, rather than the DUI statute. Accordingly, we overrule appellant's first point of error.

### THE LEGISLATURE DID NOT INTEND TO TREAT MINORS DIFFERENTLY THAN ADULTS UNDER THE DWI LAW

 In his second point of error, appellant contends that the DUI statute shows the legislature's intent to treat minors differently than adults, justifying the prosecution of minors only under the DUI statute. As noted in our analysis of appellant's first point of error, the legislature's express choice to state that DUI was not a lesser included offense of DWI presupposes that a minor could still be convicted under the DWI statute. This intent is further evidenced by the legislative history. SENATE CRIMINAL JUSTICE COMM., BILL ANALYSIS, Tex. S.B. 35, 75th Leg., R.S. (1997) (stating that the offense of DUI was intended to be separate from DWI). Appellant also asserts that the focus on education in the sentencing provision of the DUI statute shows that minors have special needs that cannot be met by the DWI sentencing scheme.[1] What appellant neglects to point out, however, is that these needs are met under the current DWI scheme-a fact illustrated by appellant's own sentencing condition that he attend alcohol awareness classes.

 Appellant also argues that TEX. ALC. BEV.CODE ANN. § 106.12, which provides for the expunction of offenses under § 106 of the Alcoholic Beverage Code should the minor be convicted of no more than one offense under this section, shows the intent to treat minors differently. This, according to appellant, justifies the prosecution of minors only under the DUI statute. Again, we see no conflict between the two statutes. The lack of expunction for minors convicted of DWI is justified in light of the fact that DWI is a more serious crime than DUI. Moreover, we think it unreasonable that the legislature, while showing its concern that "Texas leads the nation in the number of alcohol-related traffic fatalities among the nation's youth," would actually lower the penalty for those under age twenty-one who drive while intoxicated. SENATE CRIMINAL JUSTICE COMM., BILL ANALYSIS, Tex. S.B. 35, 75th Leg., R.S. (1997).

Because we do not believe that the legislature intended minors convicted of DWI to be treated differently than adults, we overrule appellant's second point of error and affirm the judgment of the trial court.

---

1. The provision relied upon by appellant states: "On conviction of a minor of an offense under [the DUI statute] the court, in addition to assessing a fine as provided by those sections, shall require a defendant ... to attend an alcohol awareness program...." TEX. PEN.CODE. ANN. § 106.1152(a) (Vernon Supp.1998).