**Joel Billy ZABORAC, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 2–04–016–CV.**

Court of Appeals of Texas, Fort Worth.

June 23, 2005.

Factor, Campbell & Shepherd, L.L.P., Abe Factor and Kim Campbell, Fort Worth, for Appellant.

Kevin M. Givens, Supervisor ALR Appellate Section Texas Department of Public Safety, Austin, for Appellee.

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### I. Introduction

Appellant Joel Billy Zaborac appeals from an order affirming the suspension of his license. In his sole point, appellant argues that his right to due process was violated because the statute under which his driver's license was suspended is unconstitutionally vague. We affirm.

### II. Background Facts

On August 2, 2003, North Richland Hills Sergeant Warren Egerton responded to an intoxicated driver call. Sergeant Egerton saw a truck that matched the vehicle's description in the parking lot of a Phillips 66 gas station. Sergeant Egerton attempted to catch up with the truck after seeing it leave the parking lot at a high rate of speed. During the course of the pursuit, Sergeant Egerton saw the truck "fish-tail" at an intersection before turning onto another street. Sergeant Egerton followed the truck down the street and turned on his emergency lights and siren. The truck drove across the front yard of a residence to avoid a roadblock at the end of the street. The truck then drove across a field before finally coming to a stop next to some trees.

Appellant, the driver, identified himself and said that he was seventeen years old. Sergeant Egerton smelled alcohol on appellant's breath and noticed that his eyes were bloodshot and watery. Sergeant Egerton performed a horizontal gaze nystagmus test on appellant and observed four clues that suggested appellant was intoxicated. In addition, he found eleven cans of beer in appellant's vehicle. Sergeant Egerton then arrested appellant for, among other things, a minor driving under the influence of alcohol. *See* TEX. ALCO. BEV. CODE ANN. § 106.041 (Vernon Supp.2004–05).

After a hearing, an administrative law judge (ALJ) authorized the Texas Department of Public Safety (DPS) to suspend appellant's license for sixty days under section 524.012 of the transportation code, which requires DPS to suspend the license of a minor who had any detectable amount of alcohol in his system while operating a vehicle in a public place. *See* TEX. TRANSP. CODE ANN. § 524.012(b)(2) (Vernon 1999). The ALJ denied appellant's motion to dismiss in which he argued that section 524.012 is unconstitutionally vague. Appellant appealed to the County Court at Law Number Two of Tarrant County and presented the same vagueness challenge. The court affirmed the ALJ's decision.

### III. Vagueness

In his sole point, appellant argues that his right to due process was violated because the statute under which his driver's license was suspended is unconstitutionally vague. He contends that section 524.012 of the transportation code fails to set forth reasonable standards for its enforcement and fails to give notice of the conduct that it prohibits. Moreover, he argues that the statute is impermissibly vague on its face and as applied to his conduct.

Generally, minors are prohibited from consuming alcohol. TEX. ALCO. BEV.CODE ANN. § 106.04 (Vernon 1995). According to section 106.041 of the alcoholic beverage code, a minor commits a Class C misdemeanor if the minor operates a motor vehicle in a public place while having any

detectable amount of alcohol in the minor's system. *Id.* § 106.041. Similarly, section 524.012 of the transportation code requires DPS to suspend the minor's driver's license if DPS determines that the minor had any detectable amount of alcohol in the minor's system while operating a motor vehicle in a public place. TEX. TRANSP. CODE ANN. § 524.012(b)(2). The minor is entitled to a hearing, at which the DPS must prove its case by a preponderance of the evidence. *Id.* § 524.031, § 524.035 (Vernon Supp.2004–05).

 A vague statute offends due process by failing to give fair notice of what conduct may be punished and by inviting arbitrary and discriminatory enforcement. *Comm'n for Lawyer Discipline v. Benton,* 980 S.W.2d 425, 437 (Tex.1998), *cert. denied,* 526 U.S. 1146, 119 S.Ct. 2021, 143 L.Ed.2d 1033 (1999). Civil statutes are scrutinized less severely than criminal statutes because the consequences of imprecision are not as severe. *Village of Hoffman Estates, Inc. v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498–99, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982); *Tex. Dep't of Pub. Safety v. Chavez,* 981 S.W.2d 449, 452 (Tex.App.Fort Worth 1998, no pet.) ("Statutes that do not impose criminal penalties and those that do not threaten to restrict constitutionally protected rights are subject to a less strict vagueness test."). A license suspension under section 524.012 is a civil matter and therefore subject to a less strict vagueness review. TEX. TRANSP. CODE ANN. § 524.012(e)(1); *see Mireles v. Tex. Dep't of Pub. Safety,* 9 S.W.3d 128, 130–31 (Tex.1999); *see also Ex Parte Tharp,* 912 S.W.2d 887, 890 (Tex.App.Fort Worth 1995) (holding that driver's license is not a right but a privilege), *aff'd,* 935 S.W.2d 157 (Tex.Crim.App.1996).

 To determine whether a statute is unconstitutionally vague, we begin by presuming that the statute is constitutional. *Walker v. Gutierrez,* 111 S.W.3d 56, 66 (Tex.2003). The party challenging the statute's constitutionality has the burden of showing that the statute fails to meet constitutional requirements. *Id.* When addressing a vagueness challenge to a statute, we must first determine whether the statute is vague as applied to the party's conduct. *Chavez,* 981 S.W.2d at 452. If the statute is impermissibly vague as applied to the party's conduct, we will then address the "facial challenge" to the statute. *Raitano v. Tex. Dep't of Pub. Safety,* 860 S.W.2d 549, 551 (Tex.App.Houston [1st Dist.] 1993, writ denied).

### A. Notice

 Appellant argues that because section 524.012 of the transportation code does not define "detectable," it failed to provide appellant with notice of the conduct that it attempts to proscribe. A statute is not unconstitutionally vague merely because it does not define words or phrases. *Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim.App.1988). According to section 311.011(a) of the government code, "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). Further, "Words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite." *Floyd v. State,* 575 S.W.2d 21, 23 (Tex.Crim.App. [Panel Op.] 1978).

Webster's Dictionary defines "detectable" as "capable of being detected." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 616 (2002). Further, "detect" means "to discover or determine the existence, presence, or fact of." *Id.* The word "detectable" has a plain and ordinary meaning

that may be understood by a person of ordinary intelligence. *See Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972). Section 524.012 of the transportation code clearly provides that a minor who operates a motor vehicle in a public place with any amount of alcohol in his system that is capable of detection, either by breath test or otherwise, shall have his license suspended.[1] Therefore, we hold that section 524.012 gave appellant fair notice of the type of conduct that would result in the suspension of his license.[2]

## B. Arbitrary and Discriminatory Enforcement

■ Appellant also argues that because section 524.012 of the transportation code does not prescribe objective standards for determining whether a minor has "any detectable amount" of alcohol in his system, it allowed Sergeant Egerton to arbitrarily detect alcohol in appellant's system. Appellant points to the fact that the statute allowed the department to suspend his license without the results of an objective chemical test confirming the presence of alcohol in his system. He argues that because alcohol is odorless, that is, the smell of alcohol is really the distinctive odor of nonalcoholic ingredients in beer, wine, and whiskey—and that nystagmus clues can be caused by conditions other than drinking alcohol, the statute allows for arbitrary enforcement by not requiring the officer to administer a breath test. The suspension of appellant's license was not based solely on a conclusory statement

from the arresting officer that there was a detectable amount of alcohol in appellant's system.

Sergeant Egerton stated in the arrest report that he stopped appellant after seeing him drive away from a gas station at a high rate of speed and "fish-tail" through an intersection. After Sergeant Egerton turned on his lights and siren, appellant drove through a residential yard to avoid a barricade and then drove through a field. Sergeant Egerton smelled alcohol on appellant's breath and noticed that his eyes were bloodshot and watery. Moreover, Sergeant Egerton found eleven cans of beer in appellant's vehicle and observed four clues that indicated intoxication after administering the horizontal gaze nystagmus test. Sergeant Egerton's observations led the ALJ to find by a preponderance of the evidence that appellant was operating a motor vehicle in a public place with a detectable amount of alcohol in his system.

Sergeant Egerton articulated several factors such as appellant's reckless driving, the odor of alcohol on appellant's breath, appellant's bloodshot and watery eyes, the cans of beer in appellant's vehicle, and appellant's poor performance on the horizontal gaze nystagmus test, all of which indicated that appellant had alcohol in his system. These factors are also commonly cited in driving while intoxicated (DWI) cases in which the State must prove beyond a reasonable doubt that the defen-

---

1. We note that section 524.011(a)(2) of the transportation code requires the officer to initiate suspension proceedings if he or she arrests a minor under section 106.041 of the alcoholic beverage code and either the minor is not requested to give a breath specimen or the minor gives a breath specimen and the analysis shows the minor had an alcohol concentration of greater than .00 and less than .08. *See* TEX TRANSP. CODE ANN.

§ 524.011(a)(2); TEX. PENAL CODE ANN. § 49.01(2)(B) (Vernon 2003).

2. We also note that section 106.04 of the alcoholic beverage code, which generally prohibits minors from consuming alcohol, provided appellant with additional notice that his conduct was prohibited. *See* TEX. ALCO. BEV. CODE ANN. § 106.04.

dant did not have the normal use of mental and physical faculties by reason of the introduction of alcohol into the defendant's body. *See* TEX. PENAL CODE ANN. §§ 2.01, 49.04; *State v. Garrett*, 22 S.W.3d 650, 654 (Tex.App.Austin 2000, no pet.). Thus, if these factors are sufficient to prove intoxication, which requires a showing not only that the defendant ingested alcohol, but by reason of the ingestion of alcohol the defendant did not have the normal use of his mental and physical faculties, we see no reason why they should not be sufficient to show that a minor had alcohol in his system.[3] And if a person can be convicted of the criminal offense of driving while intoxicated based on those factors without the necessity of a breath test,[4] it follows that such factors are sufficient to support a conclusion that a minor had alcohol in his system for purposes of suspending the minor's driver's license. Moreover, section 49.01(2)(A), which defines "intoxicated" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body," is not unconstitutionally vague. TEX. PENAL CODE ANN. § 49.01(2)(A); *Irion v. State*, 703 S.W.2d 362, 363–64 (Tex.App.Austin 1986, no pet.). Section 524.012 invites arbitrary and discriminatory enforcement no more than the DWI statute does. TEX. TRANSP. CODE ANN. § 524.012. In both situations, the State must still prove its case by the applicable burden of proof. Therefore, given the totality of the circumstances, we conclude that Sergeant Egerton did not arbitrarily detect alcohol in appellant's system.

Because appellant has not shown that section 524.012 of the transportation code is unconstitutional as applied to him, we do not reach the issue of whether the statute is unconstitutionally vague on its face. *See Chavez*, 981 S.W.2d at 452. We overrule appellant's sole point.

## IV. Conclusion

Having overruled appellant's sole point, we affirm the trial court's judgment.

---

**3.** We note that the police are not limited to charging a minor under section 106.04 of the transportation code; a minor may also be charged with driving while intoxicated. *See* TEX. PENAL CODE ANN. §§ 49.01, 49.04; *Findlay v. State*, 9 S.W.3d 397, 400–01 (Tex.App.Houston [14th Dist.] 1999, no pet.).

**4.** *See* TEX. PENAL CODE ANN. §§ 49.01(2)(A), 49.04(a).