COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-016-CV
  
  
JOEL 
BILLY ZABORAC                                                           APPELLANT
  
V.
  
TEXAS 
DEPARTMENT OF PUBLIC SAFETY                                  APPELLEE
 
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
 
I. Introduction
        Appellant 
Joel Billy Zaborac appeals from an order affirming the suspension of his 
license.  In his sole point, appellant argues that his right to due process 
was violated because the statute under which his driver’s license was 
suspended is unconstitutionally vague.  We affirm.
II. Background Facts
        On 
August 2, 2003, North Richland Hills Sergeant Warren Egerton responded to an 
intoxicated driver call. Sergeant Egerton saw a truck that matched the 
vehicle’s description in the parking lot of a Phillips 66 gas station.  
Sergeant Egerton attempted to catch up with the truck after seeing it leave the 
parking lot at a high rate of speed.  During the course of the pursuit, 
Sergeant Egerton saw the truck “fish-tail” at an intersection before turning 
onto another street.  Sergeant Egerton followed the truck down the street 
and turned on his emergency lights and siren.  The truck drove across the 
front yard of a residence to avoid a roadblock at the end of the street.  
The truck then drove across a field before finally coming to a stop next to some 
trees.
        Appellant, 
the driver, identified himself and said that he was seventeen years old.  
Sergeant Egerton smelled alcohol on appellant’s breath and noticed that his 
eyes were bloodshot and watery. Sergeant Egerton performed a horizontal gaze 
nystagmus test on appellant and observed four clues that suggested appellant was 
intoxicated.  In addition, he found eleven cans of beer in appellant’s 
vehicle. Sergeant Egerton then arrested appellant for, among other things, a 
minor driving under the influence of alcohol.  See Tex. Alco. Bev. Code Ann. § 106.041 
(Vernon Supp. 2004-05).
        After 
a hearing, an administrative law judge (ALJ) authorized the Texas Department of 
Public Safety (DPS) to suspend appellant’s license for sixty days under 
section 524.012 of the transportation code, which requires DPS to suspend the 
license of a minor who had any detectable amount of alcohol in his system while 
operating a vehicle in a public place. See Tex. Transp. Code Ann. § 524.012(b)(2) 
(Vernon 1999).  The ALJ denied appellant’s motion to dismiss in which he 
argued that section 524.012 is unconstitutionally vague.  Appellant 
appealed to the County Court at Law Number Two of Tarrant County and presented 
the same vagueness challenge.  The court affirmed the ALJ’s decision.
III. Vagueness
        In 
his sole point, appellant argues that his right to due process was violated 
because the statute under which his driver’s license was suspended is 
unconstitutionally vague.  He contends that section 524.012 of the 
transportation code fails to set forth reasonable standards for its enforcement 
and fails to give notice of the conduct that it prohibits.  Moreover, he 
argues that the statute is impermissibly vague on its face and as applied to his 
conduct.
        Generally, 
minors are prohibited from consuming alcohol.  Tex. Alco. Bev. Code Ann. § 106.04 
(Vernon 1995).  According to section 106.041 of the alcoholic beverage 
code, a minor commits a Class C misdemeanor if the minor operates a motor 
vehicle in a public place while having any detectable amount of alcohol in the 
minor’s system.  Id. § 106.041.  Similarly, section 524.012 
of the transportation code requires DPS to suspend the minor’s driver’s 
license if DPS determines that the minor had any detectable amount of alcohol in 
the minor’s system while operating a motor vehicle in a public place.  Tex. Transp. Code Ann. § 
524.012(b)(2).  The minor is entitled to a hearing, at which the DPS must 
prove its case by a preponderance of the evidence. Id. § 524.031, § 
524.035 (Vernon Supp. 2004-05).
        A 
vague statue offends due process by failing to give fair notice of what conduct 
may be punished and by inviting arbitrary and discriminatory enforcement.  Comm’n 
for Lawyer Discipline v. Benton, 980 S.W.2d 425, 437 (Tex. 1998), cert. 
denied, 526 U.S. 1146 (1999).  Civil statutes are scrutinized less 
severely than criminal statutes because the consequences of imprecision are not 
as severe.  Village of Hoffman Estates, Inc. v. Flipside, Hoffman 
Estates, Inc., 455 U.S. 489, 498-99, 102 S. Ct. 1186, 1193 (1982); Tex. 
Dep’t of Pub. Safety v. Chavez, 981 S.W.2d 449, 452 (Tex. App.—Fort 
Worth 1998, no pet.) (“Statutes that do not impose criminal penalties and 
those that do not threaten to restrict constitutionally protected rights are 
subject to a less strict vagueness test.”).  A license suspension under 
section 524.012 is a civil matter and therefore subject to a less strict 
vagueness review.  Tex. Transp. Code 
Ann. § 524.012(e)(1); see Mireles v. Tex. Dep’t of Pub. Safety, 
9 S.W.3d 128, 130-31 (Tex. 1999); see also Ex Parte Tharp, 912 
S.W.2d 887, 890 (Tex. App.—Fort Worth 1995) (holding that driver’s license 
is not a right but a privilege), aff’d, 935 S.W.2d 157 (Tex. Crim. App. 
1996).
        To 
determine whether a statute is unconstitutionally vague, we begin by presuming 
that the statute is constitutional.  Walker v. Gutierrez, 111 S.W.3d 
56, 66 (Tex. 2003).  The party challenging the statute’s 
constitutionality has the burden of showing that the statute fails to meet 
constitutional requirements.  Id.  When addressing a vagueness 
challenge to a statute, we must first determine whether the statute is vague as 
applied to the party’s conduct.  Chavez, 981 S.W.2d at 452. If the 
statute is impermissibly vague as applied to the party’s conduct, we will then 
address the “facial challenge” to the statute.  Raitano v. Tex. 
Dep’t of Pub. Safety, 860 S.W.2d 549, 551 (Tex. App.—Houston [1st Dist.] 
1993, writ denied).
A. Notice
        Appellant 
argues that because section 524.012 of the transportation code does not define 
“detectable,” it failed to provide appellant with notice of the conduct that 
it attempts to proscribe.  A statute is not unconstitutionally vague merely 
because it does not define words or phrases. Engelking v. State, 750 
S.W.2d 213, 215 (Tex. Crim. App. 1988).  According to section 311.011(a) of 
the government code, “Words and phrases shall be read in context and construed 
according to the rules of grammar and common usage.” Tex. Gov’t Code Ann. § 311.011(a) 
(Vernon 2005).  Further, “Words defined in dictionaries and with meanings 
so well known as to be understood by a person of ordinary intelligence are not 
to be considered vague and indefinite.”  Floyd v. State, 575 
S.W.2d 21, 23 (Tex. Crim. App. [Panel Op.] 1978).
        Webster’s 
Dictionary defines “detectable” as “capable of being detected.” Webster’s Third New International Dictionary616 
(2002).  Further, “detect” means “to discover or determine the 
existence, presence, or fact of.”  Id.  The word 
“detectable” has a plain and ordinary meaning that may be understood by a 
person of ordinary intelligence.  See Grayned v. City of Rockford, 
408 U.S. 104, 108-09, 92 S. Ct. 2294, 2298-99 (1972).  Section 524.012 of 
the transportation code clearly provides that a minor who operates a motor 
vehicle in a public place with any amount of alcohol in his system that is 
capable of detection, either by breath test or otherwise, shall have his license 
suspended.[1]   Therefore, we hold that section 
524.012 gave appellant fair notice of the type of conduct that would result in 
the suspension of his license.[2]
B. Arbitrary and Discriminatory Enforcement
        Appellant 
also argues that because section 524.012 of the transportation code does not 
prescribe objective standards for determining whether a minor has “any 
detectable amount” of alcohol in his system, it allowed Sergeant Egerton to 
arbitrarily detect alcohol in appellant’s system.  Appellant points to 
the fact that the statute allowed the department to suspend his license without 
the results of an objective chemical test confirming the presence of alcohol in 
his system.  He argues that because alcohol is odorless, that is, the smell 
of alcohol is really the distinctive odor of nonalcoholic ingredients in beer, 
wine, and whiskey—and that nystagmus clues can be caused by conditions other 
than drinking alcohol, the statute allows for arbitrary enforcement by not 
requiring the officer to administer a breath test.  The suspension of 
appellant’s license was not based solely on a conclusory statement from the 
arresting officer that there was a detectable amount of alcohol in appellant’s 
system.
        Sergeant 
Egerton stated in the arrest report that he stopped appellant after seeing him 
drive away from a gas station at a high rate of speed and “fish-tail” 
through an intersection.  After Sergeant Egerton turned on his lights and 
siren, appellant drove through a residential yard to avoid a barricade and then 
drove through a field.  Sergeant Egerton smelled alcohol on appellant’s 
breath and noticed that his eyes were bloodshot and watery.  Moreover, 
Sergeant Egerton found eleven cans of beer in appellant’s vehicle and observed 
four clues that indicated intoxication after administering the horizontal gaze 
nystagmus test.  Sergeant Egerton’s observations led the ALJ to find by a 
preponderance of the evidence that appellant was operating a motor vehicle in a 
public place with a detectable amount of alcohol in his system.
        Sergeant 
Egerton articulated several factors such as appellant’s reckless driving, the 
odor of alcohol on appellant’s breath, appellant’s bloodshot and watery 
eyes, the cans of beer in appellant’s vehicle, and appellant’s poor 
performance on the horizontal gaze nystagmus test, all of which indicated that 
appellant had alcohol in his system.  These factors are also commonly cited 
in driving while intoxicated (DWI) cases in which the State must prove beyond a 
reasonable doubt that the defendant did not have the normal use of mental and 
physical faculties by reason of the introduction of alcohol into the 
defendant’s body.  See Tex. 
Penal Code Ann. §§ 2.01, 49.04; State v. Garrett, 22 S.W.3d 650, 
654 (Tex. App.—Austin 2000, no pet.).  Thus, if these factors are 
sufficient to prove intoxication, which requires a showing not only that the 
defendant ingested alcohol, but by reason of the ingestion of alcohol the 
defendant did not have the normal use of his mental and physical faculties, we 
see no reason why they should not be sufficient to show that a minor had alcohol 
in his system.[3]  And if a person can be 
convicted of the criminal offense of driving while intoxicated based on those 
factors without the necessity of a breath test,[4] it 
follows that such factors are sufficient to support a conclusion that a minor 
had alcohol in his system for purposes of suspending the minor’s driver’s 
license.  Moreover, section 49.01(2)(A), which defines “intoxicated” as 
“not having the normal use of mental or physical faculties by reason of the 
introduction of alcohol, a controlled substance, a drug, a dangerous drug, a 
combination of two or more of those substances, or any other substance into the 
body,” is not unconstitutionally vague.  Tex. Penal Code Ann. § 49.01(2)(A); 
Irion v. State, 703 S.W.2d 362, 363-64 (Tex. App.—Austin 1986, no 
pet.).  Section 524.012 invites arbitrary and discriminatory enforcement no 
more than the DWI statute does. Tex. Transp. Code Ann. § 524.012. In 
both situations, the State must still prove its case by the applicable burden of 
proof.  Therefore, given the totality of the circumstances, we conclude 
that Sergeant Egerton did not arbitrarily detect alcohol in appellant’s 
system.
        Because 
appellant has not shown that section 524.012 of the transportation code is 
unconstitutional as applied to him, we do not reach the issue of whether the 
statute is unconstitutionally vague on its face.  See Chavez, 981 
S.W.2d at 452.  We overrule appellant’s sole point.
IV. Conclusion
        Having 
overruled appellant’s sole point, we affirm the trial court's judgment.
 
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
  
  
PANEL 
F:    CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.
 
DELIVERED: 
June 23, 2005


NOTES
1.  
We note that section 524.011(a)(2) of the transportation code requires the 
officer to initiate suspension proceedings if he or she arrests a minor under 
section 106.041 of the alcoholic beverage code and either the minor is not 
requested to give a breath specimen or the minor gives a breath specimen and the 
analysis shows the minor had an alcohol concentration of greater than .00 and 
less than .08.  See Tex. 
Transp. Code Ann. § 524.011(a)(2); Tex. Penal Code Ann. § 49.01(2)(B) 
(Vernon 2003).
2.  
We also note that section 106.04 of the alcoholic beverage code, which generally 
prohibits minors from consuming alcohol, provided appellant with additional 
notice that his conduct was prohibited.  See Tex. Alco. Bev. Code Ann. § 106.04.
3.  
We note that the police are not limited to charging a minor under section 106.04 
of the transportation code; a minor may also be charged with driving while 
intoxicated.  See Tex. Penal 
Code Ann. §§ 49.01, 49.04; Findlay v. State, 9 S.W.3d 397, 
400-01 (Tex. App.—Houston [14th Dist.] 1999, no pet.).
4.  
See Tex. Penal Code Ann. 
§§ 49.01(2)(A), 49.04(a).