

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00570-CV

**EX PARTE** Joshua Michael **GRAVES**

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-01405
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Irene Rios, Justice

Delivered and Filed: July 26, 2017

REVERSED AND REMANDED

The Texas Department of Public Safety filed this restricted appeal challenging the trial court's expunction order, asserting: (1) Joshua Michael Graves was not entitled to have his arrest records expunged because he was convicted and sentenced to community supervision; (2) the evidence is legally insufficient to support the expunction order; (3) the trial court erred in ordering an expunction without holding a hearing; and (4) if a hearing was held, no reporter's record was made of the hearing. Applying this court's existing precedent, we sustain DPS's fourth issue and reverse the trial court's order based on the absence of a reporter's record.

## PROCEDURAL HISTORY

In the underlying cause, Graves filed a verified petition for expunction of records seeking to have the records relating to his 1996 arrest for driving while intoxicated expunged. DPS filed

an original answer generally denying all allegations in the petition and asserting Graves was not entitled to an expunction because Graves's arrest resulted in a final conviction and he was placed on court-ordered community supervision. On March 10, 2016, the trial court signed an order granting Graves's petition and expunging the records.

The official court reporter filed written notice in this court stating no hearing was held on March 10, 2016, in the underlying cause; therefore, the appellate record does not contain a reporter's record.

## DISCUSSION

A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Ex parte Garcia*, No. 04-15-00174-CV, 2016 WL 527517, at *1 (Tex. App.—San Antonio Feb. 10, 2016, no pet.) (mem. op.). For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Ex parte Garcia*, 2016 WL 527517, at *1; *Flores v. Brimex Ltd. P'ship*, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.). The absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal. *Norman Commc'ns*, 955 S.W.2d at 270; *Ex parte Garcia*, 2016 WL 527517, at *1; *Flores*, 5 S.W.3d at 819.

In this case, the record establishes DPS timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's

order, and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law. With regard to DPS's challenges to the legal sufficiency of the evidence and Graves's ability to have his records expunged, in the absence of a reporter's record, we cannot know what evidence, if any, was introduced before the trial court.[1] *See Ex parte Graves*, 2016 WL 527517, at *2; *Ex parte Ruiz*, No. 04-11-00808-CV, 2012 WL 2834898, at *1 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.). "'However, because DPS has complained of the absence of a reporter's record [and the court reporter has confirmed that no such record exists], the trial court's order must be reversed, and the cause must be remanded for a new hearing.'" *Ex parte Graves*, 2016 WL 527517, at *2 (quoting *Ex parte Ruiz*, 2012 WL 2834898, at *1); *but see Tex. Dep't of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 742-43 (Tex. App.—Corpus Christi 2014, pet. denied) (holding remand not required where record reflected no evidence was presented at expunction hearing and trial court's decision was not based on evidence provided at the hearing).

CONCLUSION

The trial court's order is reversed, and the cause is remanded to the trial court for further proceedings.

Rebeca C. Martinez, Justice

---

[1] If no hearing was held and no evidence was presented, we would reverse the trial court's order because DPS filed a general denial requiring Graves "to provide some evidence in addition to his verified pleading in order to carry his burden of proof." *Ex parte K.R.K.*, 446 S.W.3d 540, 544 (Tex. App.—San Antonio 2014, no pet.); *see also Ex parte Graves*, 2016 WL 527517, at *2 n.2 (same). We note the trial court's order references both article 55 of the Texas Code of Criminal Procedure and section 106.12 of the Texas Alcoholic Beverage Code, but we further note an expunction under section 106.12, which is available for a person convicted of driving under the influence pursuant to section 106.041 of the Texas Alcoholic Beverage Code, is not available for a person convicted of the offense of driving while intoxicated as defined by section 49.04 of the Texas Penal Code. *See Findlay v. State*, 9 S.W.3d 397, 401 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (noting the "lack of expunction for minors convicted of DWI is justified in light of the fact that DWI is a more serious crime than DUI").