

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00407-CR

THE STATE OF TEXAS                                    STATE

V.

FRANK EMPEY                                        APPELLEE

----------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY
TRIAL COURT NO. CR17613

----------

## OPINION

----------

The State of Texas brings this pretrial appeal challenging the trial court's order that dismissed the grand jury's indictment for theft of aluminum, bronze, copper, or brass with a value of less than $20,000. In one issue, the State argues that the trial court erred by granting appellee Frank Empey's motion to dismiss the indictment because despite the trial court's finding otherwise, section 31.03(e)(4)(F) of the penal code is constitutional. We conclude that section

31.03(e)(4)(F) is not facially unconstitutional, and we therefore reverse the trial court's order dismissing the indictment against appellee.

**Background Facts**

A grand jury indicted appellee for theft. The indictment charged him with a state jail felony because it alleged that he had stolen "aluminum or bronze or copper or brass, of the value of less than $20,000." *See* Tex. Penal Code Ann. § 31.03(e)(4)(F) (West Supp. 2015).

Appellee filed a pretrial motion to dismiss the indictment. He argued that the indictment was flawed because it was based on section 31.03(e)(4)(F), which he contended to be overbroad and vague because it allows for selective prosecution. Specifically, appellee argued,

> [Section 31.03(e)(4)(F)] makes it a state jail felony to steal any amount of aluminum or bronze or copper or brass. This means a person could be charged with stealing a roll of copper pennies and be charged with a State Jail Felony or [the person] could be charged with a Class C Misdemeanor. A person could be charged with stealing a brass ring worth one dollar and be charged either as a State Jail Felony or a Class C Misdemeanor. In this case the defendant is charged with stealing four aluminum bats with a stated value of forty dollars and he is being charged with a State Jail Felony. It is obvious that the statute *as it is being applied to him is void for vagueness* . . . . The statute *as it is being used against [appellee]* allows the prosecution and police too much discretion to either charge him with a felony or a misdemeanor which is clearly impermissible. [Emphases added.]

The State responded to appellee's motion to dismiss. In the response, the State argued that the trial court should deny the motion because section 31.03(e)(4)(F) clearly defined appellee's prohibited behavior and was therefore

2

not vague.  Also, the State contended that the statute was not infirm merely because it allowed appellee's theft to be prosecuted under different parts of section 31.03 that related either to the value of the allegedly stolen materials or the materials' substance.  The State argued that its ability to exercise discretion in charging appellee with a state jail felony under section 31.03(e)(4)(F) rather than with a lesser theft offense based on the value of the items at issue did not render section 31.03(e)(4)(F) unconstitutional.[1]  In part, the State asserted,

> The choice of what statute to apply falls to the discretion of the prosecutor.  [Appellee] could be charged with a Class C Misdemeanor under [a value provision of section 31.03], or with a State Jail Felony under [section] 31.03(e)(4)(F) for theft of aluminum valued less than $20,000.  Both statutes clearly explain the prohibited behavior in a way that gives fair notice to a person of ordinary intelligence as to what conduct [the person] may not partake in.  This fair notice allows the statutes to stand up to constitutional muster.  As the Supreme Court makes clear, allowing discretion in choosing how to charge a defendant is not unconstitutional if the statutes individually are constitutional.  In this case, because the statutes are not vague in the conduct they prohibit, they are both valid aspects of the criminal penal code in Texas[,] and allowing for prosecutorial discretion in charging . . . in no way renders the statutes void for vagueness.

Without conducting a hearing, the trial court granted appellee's motion to dismiss.  The State asked the trial court to file findings of fact and conclusions of law, and the court did so.  The court's findings and conclusions state:

---

[1]In the response, the State alleged that appellee had stolen four aluminum baseball bats, three cast iron skillets, and a heavy duty chain from a scrap yard at which he had been employed.  The indictment does not include these details.

**Findings of Fact:**

[Appellee] was charged and indicted under Texas [Penal Code Section] 31.03(e)(4)(F). That Statute makes theft of any amount of aluminum, copper, brass[,] or bronze a State Jail Felony. The State alleges that on April 24, 2013, a theft was reported from the scrap yard of Bridgeport Iron and Metal. There was a surveillance video showing [appellee], an employee of the company, gathering up four aluminum baseball bats, three cast iron skillets, and a heavy-duty chain out of a company vehicle and into his personal vehicle, and leaving the property without paying for them. . . . [Appellee], through his attorney, filed a Motion to Dismiss arguing that the Statute is overly broad and void for vagueness, as it allows the police too much discretion in charging someone with either a Class C Misdemeanor or a State Jail Felony. The State filed its opposition to the Motion. Under the State's theory, the theft of a copper penny from the top of someone's desk would be a felony; an ounce of gold[,] a misdemeanor; an empty aluminum Coors Light can, a felony.

**Conclusions of Law:**

The Court considered [appellee's] Motion and the State's Opposition and decided that the Statute *is overly broad and void for vagueness as it is being applied to [appellee]* . . . .

The Legislative intent of [section] 31.03(e)(4)(F) did not envision *its application in this alleged circumstance*. [Emphases added.]

To the findings of fact and conclusions of law, the trial court attached documents from another case before the court. Those documents included arguments related to a motion to quash an indictment filed by another defendant who had also contested the constitutionality of section 31.03(e)(4)(F). The attachments also included an affidavit from the attorney in that case, who stated that she had called State Senator Royce West's office concerning the legislation that led to the enactment of current section 31.03(e)(4)(F), and an e-mail from

4

Senator West's legislative aide concerning the purposes of the statute and of recent amendments to it.[2] The State brought this appeal from the trial court's order dismissing the indictment against appellee.

## The Constitutionality of Section 31.03(e)(4)(F)

The State contends that the trial court erred by granting appellee's motion to dismiss, which both parties on appeal characterize as a motion to quash the indictment. When a trial court's ruling on a defendant's motion to quash an indictment concerns a matter unrelated to the credibility or demeanor of witnesses, such as the constitutionality of a statute, we review the ruling de novo and therefore give no deference to the ruling. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007), *cert. denied*, 553 U.S. 1007 (2008); *State v. Richardson*, 439 S.W.3d 403, 404 (Tex. App.—Fort Worth 2014, pet. ref'd) (mem. op.).

When a defendant challenges the constitutionality of a statute, "we usually begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. The burden normally rests upon the person challenging the statute to establish its unconstitutionality." *Ex parte Lo*, 424 S.W.3d 10, 15 (Tex. Crim. App. 2013) (footnote omitted); *see State v. Rosseau*,

---

[2]Based on our analysis below, we need not detail the contents of the affidavit and e-mail. We note that the Texas Supreme Court has stated that courts should give "little weight to post-enactment statements by legislators. Explanations produced, after the fact, by individual legislators are not statutory history, and can provide little guidance as to what the legislature collectively intended." *In re Doe*, 19 S.W.3d 346, 352 (Tex. 2000).

396 S.W.3d 550, 557 (Tex. Crim. App. 2013). A pretrial motion to quash an indictment may be used only for a facial challenge to the constitutionality of a statute. *Jimenez v. State*, 419 S.W.3d 706, 714 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd); *see State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) (orig. proceeding) (stating that because a contention that a statute is unconstitutional as applied requires a recourse to evidence, it cannot be properly raised by a pretrial motion to quash the charging instrument); *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.4 (Tex. Crim. App. 2006).[3]

A facial challenge is an attack on a statute itself as opposed to a particular application. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1188 (2016). To prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally. *Rosseau*, 396 S.W.3d at 558 ("Because appellee has failed to show that it is unconstitutional in every possible respect, the statute is not facially unconstitutional."); *see Salinas v. State*, 464 S.W.3d 363, 367 (Tex. Crim. App. 2015); *Peraza*, 467 S.W.3d at 514. Thus, in considering a facial challenge to a statute, we must determine

---

[3]We note that both appellee's motion to dismiss and the trial court's conclusion of law supporting dismissal, which we have quoted above, rely on as-applied language concerning the constitutionality of section 31.03(e)(4)(F). Neither party relies on an as-applied challenge in briefing, however, and they both address the merits of a facial challenge without explicitly discussing whether such a challenge was preserved. In the interest of justice and because appellee's overall vagueness complaint in the trial court comports with his vagueness complaint on appeal, we address the parties' arguments concerning a facial challenge to the statute.

whether there are potential constitutional applications. *See Peraza*, 467 S.W.3d at 515; *see also Fine*, 330 S.W.3d at 908 ("If Mr. Green is mounting a facial challenge to the Texas death-penalty scheme, then he must prove that the system can never be constitutionally applied to any Texas defendant charged with capital murder, no matter what the individual facts and circumstances of the particular case."). A facial challenge to a statute is the most difficult challenge to mount successfully. *Salinas*, 464 S.W.3d at 367.

Section 31.03(e)(4)(F) makes theft of certain metals a state jail felony when the theft might otherwise constitute a less serious offense when measured by the value of the metals. *See* Tex. Penal Code Ann. § 31.03(e)(4)(F). On appeal, the parties contest whether section 31.03(e)(4)(F) is unconstitutionally vague.[4] Appellee does not argue that this section is vague in the sense that he cannot understand what it prohibits. He also does not explicitly raise a complaint about substantive due process. Rather, he contends that the section is vague, and violates his due process rights, because it fails to "provide minimal guidelines necessary to prevent arbitrary or discriminatory enforcement." Specifically, he argues that section 31.03(e)(4)(F) is infirm because it "delegates to law enforcement unfettered discretion to prosecute a defendant for either a

---

[4]The trial court concluded that the statute is "overly broad and void for vagueness." The parties' briefs do not focus on overbreadth. Therefore, we do not discuss overbreadth here.

Class C misdemeanor offense punishable by only a $500 fine,[5] or for a State Jail felony offense punishable by two years['] confinement, for a theft of any measurable amount of aluminum, bronze, copper[,] or brass." The State acknowledges that the decisive question we must answer is whether the legislature failed to establish minimal guidelines to cover prosecutorial discretion in applying section 31.03(e)(4)(F).

A statute may be unconstitutionally vague when it defines an offense in such a way that it encourages arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858 (1983); *State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App.), *cert. denied*, 549 U.S. 824 (2006); *see also State v. Edmond*, 933 S.W.2d 120, 125 (Tex. Crim. App. 1996) ("[T]he rationale for the vagueness doctrine extends beyond fair warning. A second rationale descends from the notion that a legislature must provide minimal guidelines to govern law enforcement."). The trial court's findings of fact manifest the court's concern that section 31.03 could be enforced arbitrarily; the court noted that "theft of a copper penny . . . [c]ould be a felony; an ounce of gold[,] a misdemeanor; [and] an empty aluminum . . . can, a felony." Nonetheless, we conclude that federal and state precedents foreclose appellee's

---

[5]*See* Tex. Penal Code Ann. § 31.03(e)(1); *see also* Tex. Penal Code Ann. § 12.23 (West 2011) ("An individual adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $500.").

8

argument that section 31.03(e)(4)(F) is infirm because it delegates to prosecutors unfettered discretion to charge a defendant with either a misdemeanor or felony.[6]

The Supreme Court considered a circumstance analogous to the one at issue in *United States v. Batchelder*, 442 U.S. 114, 99 S. Ct. 2198 (1979). There, two federal statutes each prohibited convicted felons from committing the same act—receiving firearms—but the statutes had different maximum penalties. *Id.* at 116, 99 S. Ct. at 2200. Batchelder was charged and convicted under the

---

[6]This is undoubtedly the focus of appellee's argument. Appellee summarizes his argument by stating,

> Section 31.03(e)(4)(F) . . . vests unfettered discretion in local prosecutors to decide whether the theft [of a certain metal] should be prosecuted as a Class C misdemeanor, or as a State Jail felony. The vagueness doctrine of the Fourteenth Amendment imposed a constitutional duty on the Texas Legislature . . . to establish "minimum guidelines" to govern prosecutorial discretion and thereby prevent any "real possibility" that Section 31.03(e)(4)(F) could be enforced by local prosecutors in such an arbitrary fashion.

In the argument portion of appellee's brief, he contends,

> [T]he question presented on this appeal is whether, when enacting Section 31.03(e)(4)(F), the Texas Legislature failed to "[establish] minimal guidelines" to govern prosecutorial discretion in a way that "authorizes or even encourages arbitrary and discriminatory enforcement." . . . [T]his, and only this, is the question.

> . . . .

> . . . [Section 31.03(e)(4)(F) confers] totally unfettered discretion upon a prosecutor to decide whether a defendant should be charged with a Class C misdemeanor punishable by a relatively small fine, or whether the defendant should be charged with a felony offense punishable by two years['] confinement in a State Jail facility, for the identical conduct. . . . It "authorizes . . . arbitrary and discriminatory enforcement."

statute that authorized the greater penalty, but a federal court of appeals reversed his sentence on the basis, in part, that a prosecutor's authority to select one of two statutes that were identical except for their penalty provisions implicated important constitutional protections. *Id.* at 116–17, 99 S. Ct. at 2200–01. The court of appeals suggested that the statutes might "(1) be void for vagueness, (2) implicate 'due process and equal protection interest[s] in avoiding excessive prosecutorial discretion and in obtaining equal justice,' and (3) constitute an impermissible delegation of congressional authority." *Id.* at 122–23, 99 S. Ct. 2203.

The Supreme Court reversed the court of appeals's decision and held that the prosecutor's choice between two statutes that proscribed the same conduct but carried different penalties did not violate due process. *Id.* at 123–26, 99 S. Ct. at 2203–05. The unanimous Court explained,

> It is a fundamental tenet of due process that "[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes." A criminal statute is therefore invalid if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." So too, vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute.

> The provisions in issue here, however, unambiguously specify the activity proscribed and the penalties available upon conviction. *That this particular conduct may violate both Titles does not detract from the notice afforded by each. Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments. So long as overlapping criminal provisions clearly define the conduct*

10

*prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied.*

This Court has long recognized that when an act violates more than one criminal statute, *the Government may prosecute[] under either so long as it does not discriminate against any class of defendants.* Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.

. . . .

. . . [T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. *The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause. Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced.*

Approaching the problem of prosecutorial discretion from a slightly different perspective, the Court of Appeals postulated that the statutes might impermissibly delegate to the Executive Branch the Legislature's responsibility to fix criminal penalties. We do not agree. The provisions at issue plainly demarcate the range of penalties that prosecutors and judges may seek and impose. In light of that specificity, the power that Congress has delegated to those officials is no broader than the authority they routinely exercise in enforcing the criminal laws. Having informed the courts, prosecutors, and defendants of the permissible punishment alternatives available under each Title, Congress has fulfilled its duty.

*Id.* (emphases added) (citations omitted); *see also Mannix v. Phillips*, 619 F.3d

187, 200 (2d Cir.) ("[N]o clearly established constitutional prohibition of statutory

11

vagueness is violated when two statutes proscribe the same conduct and a defendant is charged under the one subjecting him to greater punishment."), *cert. denied*, 562 U.S. 1049 (2010); *State v. Rourke*, 773 N.W.2d 913, 917 (Minn. 2009) (citing *Batchelder* and stating that the "sentencing uncertainty caused by two statutes that prohibit the same conduct, but prescribe different penalties, does not render the statutes unconstitutionally vague as long as each statute unambiguously specifies the activity proscribed and the penalty available on conviction").

Like the Supreme Court in *Batchelder*, the Texas Court of Criminal Appeals has held that a prosecutor's choice between penalty provisions related to the same conduct by the defendant does not violate the defendant's constitutional rights. *Earls v. State*, 707 S.W.2d 82, 86–87 (Tex. Crim. App. 1986). In *Earls*, the defendant was convicted of theft "from a person," which enhanced the penalty from an ordinary theft charge. *Id.* at 82, 84. On appeal, he argued that the State's ability to charge him under multiple parts of the theft statute for the same act rendered the statute arbitrary and void for vagueness. *Id.* at 86. The court of criminal appeals disagreed, reasoning,

> A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute. . . . *The fact that a defendant might not know which of several penalty provisions he will actually be charged with does not render the provisions vague.*
>
> . . . [T]heft from a person requires certain specific conduct—a taking from the person or from their immediate possession. *The availability of alternative jurisdictional or penalty elements does not*

12

*render the statute vague so long as those elements are sufficiently described. . . .*

> Nor does the fact that the jurisdictional element which determines the basis of punishment . . . may be charged under several provisions render the statute arbitrary. The State has limited discretion within the guidelines of the statute to charge an offense under one part of a statute or another or even as to charge one particular offense as opposed to another offense when a person's conduct meets the requirements. *The fact that a person's conduct violates two parts of a statute or even two different statutes does not make the statute vague as long as the proscribed conduct is described so as to give a person fair notice that it violates the statute.*

*Id.* at 86–87 (emphases added); *see also Porter v. State*, 806 S.W.2d 316, 320–21 (Tex. App.—San Antonio 1991, no pet.) (citing *Earls* for the proposition that a "statute is not unconstitutionally vague simply because the defendant might not know in advance within what range of penalties he will actually be charged as long as the statute sufficiently describes the offense, giving a person of ordinary intelligence fair notice that the contemplated conduct is forbidden").

Finally, echoing the holdings in *Batchelder* and *Earls*, we have concluded that the "fact that different consequences are authorized by more than one applicable statute does not reduce the notice given to the defendant of the consequences provided for in each." *Tex. Dep't of Pub. Safety v. Chavez*, 981 S.W.2d 449, 452–53 (Tex. App.—Fort Worth 1998, no pet.); *see also Ex parte Luster*, 846 S.W.2d 928, 930 (Tex. App.—Fort Worth 1993, pet. ref'd) ("[T]he fact that a defendant's conduct violates more than one statute does not make the statute vague so long as the proscribed conduct is described in a manner that

13

gives fair notice of what is forbidden. Similarly, the fact that different punishments are authorized by more than one applicable statute does not detract from a defendant's notice of the punishment under each." (citation omitted)).

We conclude that these cases, which we are bound to follow, foreclose appellee's position that section 31.03 violates due process and encourages arbitrary and discriminatory enforcement merely because a prosecutor may choose between pursuing alternative but clearly defined penalties that may apply to the same act of theft. *See Batchelder*, 442 U.S. at 122–26, 99 S. Ct. at 2203–05; *Earls*, 707 S.W.2d at 86–87; *Luster*, 846 S.W.2d at 930.

The dissenting opinion does not address or attempt to distinguish these precedential and controlling decisions from the United States Supreme Court, the court of criminal appeals, and this court. Instead, the dissenting opinion bases a large part of its analysis on chapter 1956 of the occupations code, which neither party cited. But chapter 1956 explicitly provides prosecutors with the very discretion that the dissenting opinion decries. Section 1956.040(e) states, "If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section or the other law." Tex. Occ. Code Ann. § 1956.040(e) (West Supp. 2015). We cannot disregard this clearly expressed intent to authorize a prosecution under either section 31.03 of the penal code or section 1956.040 of the occupations code. *See Jones v. State*, 396 S.W.3d 558, 563 (Tex. Crim. App. 2013) (upholding the legislature's clear intent to allow for prosecutorial choice in charging either

14

fraudulent use of identifying information or failure to identify, which are contained in different sections of the penal code and carry different penalties).

The dissenting opinion does raise thoughtful questions about how and whether section 31.03(e)(4)(F) applies when one of the metals listed in the section is a secondary or insignificant component of a stolen object.[7] But appellee's contention on appeal is not that he cannot understand what section 31.03(e)(4)(F) prohibits but that the State has too much discretion to charge theft under that section or other provisions within section 31.03. And the dissenting opinion's fact-driven concerns are out of place in this facial constitutional challenge, in which we must uphold section 31.03(e)(4)(F) if it could ever be applied constitutionally. *See Peraza*, 467 S.W.3d at 515; *Rosseau*, 396 S.W.3d at 558.

Finally, the dissenting opinion raises a constitutional issue concerning the specificity of the notice provided by appellee's indictment. But this issue is not the subject of this appeal, and neither party has discussed it. We should not address it sua sponte. *See Pena v. State*, 191 S.W.3d 133, 138 (Tex. Crim. App. 2006) (holding that an appellate court erred by deciding an unbriefed constitutional issue).

---

[7]These metals do not appear to be secondary or insignificant components of an aluminum baseball bat, a cast iron skillet, or a chain, all of which appear to be associated with appellee's theft charge.

We hold that section 31.03(e)(4)(F) may operate constitutionally under some circumstances and therefore is not facially void for vagueness.[8]  Thus, we sustain the State's sole issue.

## Conclusion

Having sustained the State's issue, we reverse the trial court's order granting appellee's motion to dismiss the indictment against him for theft under section 31.03(e)(4)(F), and we remand this case to the trial court for further proceedings.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DAUPHINOT, J., filed a dissenting opinion.

SUDDERTH, J., filed a concurring opinion.

PUBLISH

DELIVERED:  August 4, 2016

---

[8]We express no opinion concerning whether there are some circumstances in which the statute may operate unconstitutionally.  Appellee concedes that any as-applied challenge to the statute at this stage is not cognizable.  Thus, we do not reach the trial court's as-applied conclusion, which it supported by its attachments to its findings of fact and conclusions of law, that the Legislature "did not envision [the application of section 31.03(e)(4)(F)] *in this alleged circumstance.*"  [Emphasis added.]

We also decline to opine about whether section 31.03(e)(4)(F) must trump other parts of the theft statute under the *in pari materia* rule—an issue that appellee discusses in a postsubmission letter brief—because that issue is not necessary to the disposition of this appeal.  *See* Tex. R. App. P. 47.1; *Little v. State,* 376 S.W.3d 217, 221 (Tex. App.—Fort Worth 2012, pet. ref'd).