

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00092-CR

_____

QUINCEE ENGLISH, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1705897

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

The State charged Appellant Quincee English with solicitation of prostitution. *See* Tex. Penal Code Ann. § 43.021(a) ("A person commits an offense if the person knowingly offers or agrees to pay a fee to another person for the purpose of engaging in sexual conduct with that person or another.").[1]

English moved to quash the indictment,[2] raising facial and as-applied constitutionality challenges to Penal Code Section 43.021 and complaining that the way the statute "is worded and the way it is applied and enforced only prosecutes men."[3] To his motion, he attached documents purporting to show that in the cases filed and accepted in Tarrant County since Section 43.021's September 1, 2021 effective date, "there has not been one female charged under the statute." After the

---

[1]Solicitation of prostitution as charged in this case is a state-jail felony. *See* Tex. Penal Code Ann. § 43.021(b) (stating that the offense is a state-jail felony unless other conditions—not applicable here—are met that enhance the offense to a third- or second-degree felony); *see also id.* § 12.35(a)–(b) (stating that the punishment range for a state-jail felony is not more than 2 years or less than 180 days and up to a $10,000 fine).

[2]In his motion to quash, English claimed that the Arlington Police Department had used an internet advertisement "to try to induce young males, with pornographic photos and the promise of sex, to become brand new felons by violating [Section] 43.021" and that "[a] female police officer, who was apparently not the same person in the photo accompanying the ad, included her phone number with the ad and waited for interested men to contact her."

[3]English raised his challenges under both the state and federal constitutions' "guarantees of equal protection and due process." However, as pointed out by the State, English makes no due-process arguments on appeal.

trial court denied the motion, English made an open plea of guilty and received four years' deferred adjudication community supervision and a $200 fine.

In a single issue, English complains that the trial court erred by denying his motion. *See Dillehey v. State*, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991) (stating that a defendant may appeal a pretrial-motion ruling despite receiving deferred adjudication and without an adjudication of guilt).

Because English cannot make an as-applied challenge in his pretrial motion,[4] and because he has failed to meet the facial-challenge requirements,[5] we overrule his sole issue and affirm the trial court's order.

---

[4]An "as-applied" challenge should be brought during or after a trial on the merits so that the trial court and reviewing courts have the case's particular facts and circumstances to determine whether the statute has been applied to the defendant in an unconstitutional manner. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910, 912 (Tex. Crim. App. 2011) (orig. proceeding) ("Courts must evaluate the statute as it has been applied in practice against the particular challenger."); *see also London v. State*, 490 S.W.3d 503, 507–08 (Tex. Crim. App. 2016) (stating that to prevail on an as-applied challenge, "it is incumbent upon the appellant to show that the statute operates unconstitutionally as applied to him in his situation" and that "[b]ecause such inquiries can often require factual development . . . an as-applied challenge should not generally be raised prior to trial"); *State v. Empey*, 502 S.W.3d 186, 189 (Tex. App.—Fort Worth 2016, no pet.) (stating that a pretrial motion to quash an indictment may be used only for a facial—and not for an as-applied—challenge). *See generally Diruzzo v. State*, 581 S.W.3d 788, 798 (Tex. Crim. App. 2019) (stating that a motion to quash is an acceptable vehicle for a facial challenge to an indictment); 42 George E. Dix & John M. Schmolesky, *Tex. Practice, Criminal Practice & Procedure* § 26:30.50 (3d ed. 2022) (noting that an as-applied challenge is "inappropriate for resolution by a pretrial challenge to the charging instrument").

[5]We must presume Section 43.021 is constitutional, *see Allen v. State*, 614 S.W.3d 736, 740 (Tex. Crim. App. 2019), and to successfully challenge its facial constitutionality, English had to establish that no set of circumstances existed under

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 27, 2023

---

which the statute would be valid. *See id.* at 741; *Peraza v. State*, 467 S.W.3d 508, 514–16 (Tex. Crim. App. 2015) (stating that the defendant must establish that the statute *always* operates unconstitutionally in all possible circumstances and that only statutory applications that actually authorize or prohibit conduct are considered). Further, we consider the statute as it is written rather than how it may operate in practice, *Peraza*, 467 S.W.3d at 515, and Section 43.021's gender-neutral language does not discriminate against any suspect class or implicate a fundamental right. *See Robles v. State*, 585 S.W.3d 591, 595–96 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) (stating that strict scrutiny did not apply to due-process complaint about prostitution statute when the appellant failed to show a fundamental right to engage another adult in consensual sexual conduct for a fee); *see also State v. Rosseau*, 396 S.W.3d 550, 557 n.7 (Tex. Crim. App. 2013) (stating that where no suspect classification or fundamental-right violation is involved, a difference in treatment need be only rationally related to a valid public purpose to withstand equal-protection scrutiny).