

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————

No. 07-25-00130-CR

———————————

CHRISTOPHER HILLMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 158th District Court
Denton County, Texas[1]
Trial Court No. F23-4256-158, Honorable Steve Burgess, Presiding

August 28, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Christopher Hillman, was indicted for theft of material, copper, valued at less than $20,000.[2]  Following a plea of not guilty, a jury convicted him and assessed punishment at twenty years' confinement after finding two enhancement paragraphs true.

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

[2] TEX. PENAL CODE ANN. § 31.03(a).

By his sole issue, Appellant contends the evidence was insufficient to support the jury's verdict because it did not prove: (1) he appropriated the copper from Frontier Communications, and (2) the requisite value of the copper. We affirm.

**Background**

At approximately 4:00 a.m. on October 11, 2023, Lewisville Police responded to a 911 call from a gas station reporting a Jeep Liberty "stuffed to the brim" with copper.



The Jeep, registered to Appellant, was located nearby and observed to contain large amounts of copper wire as well as tools commonly used for cutting copper and fences. A woman, Laura Myers, was found lying atop the copper inside the vehicle. Myers told

2

officers Appellant—her boyfriend—said he had obtained the copper in Odessa. When questioned, however, Appellant gave inconsistent explanations.

Officers inspected the surrounding area and discovered that Frontier Communications—located directly behind where the Jeep was parked—had a fence cut, a gate tampered with, and a come-along lying near a recycle bin filled with copper. The copper in that bin bore distinctive orange tape, as did the copper in Appellant's Jeep. Frontier's manager later confirmed the copper in the Jeep appeared to be the same as that from Frontier's bin. He estimated a new spool would cost around $15,000, though the stolen scrap would bring only a fraction of that value ("pennies on the dollar"). The jury found Appellant guilty.

## STANDARD OF REVIEW

In reviewing the sufficiency of the evidence, we consider all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023). The jury, as sole judge of credibility and weight, may resolve conflicts and draw reasonable inferences from the evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

## ANALYSIS

### Sufficiency of the Evidence of Theft of Copper

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of it. TEX. PENAL CODE ANN. § 31.03(a). A theft is classified as a state jail felony if the value of the property stolen is less than $20,000 and the property stolen is copper.

3

§ 31.03(e)(4)(F)(iii). Possession of recently stolen property, absent a reasonable explanation, permits an inference of guilt. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006).

Appellant argues the State failed to prove the copper wiring in his vehicle belonged to Frontier. He points out that Frontier's employee could not definitively identify the wiring as Frontier's property, noting that telecommunications wiring is generally indistinguishable and that Frontier kept no inventory records. He also emphasized the wiring itself was never admitted into evidence; instead, the witness relied on a photograph before testifying the wiring "looked like" Frontier's scrap. According to Appellant, this evidence was insufficient to establish ownership beyond a reasonable doubt.

Appellant also argues the State's proof was weakened by law enforcement's failure to collect or test available physical evidence. He notes that officers observed a fresh wound on his arm but did not attempt to collect blood evidence at the scene, and fingerprints were not taken from the fence, tools, or other objects associated with the alleged break-in. Appellant maintains these omissions left the record without physical evidence tying him to the Frontier lot, and thus the conviction rested on speculation rather than proof beyond a reasonable doubt.

Although Frontier's employee could not identify the copper wiring with absolute certainty, the jury was entitled to credit his testimony that the wiring appeared consistent with Frontier's scrap material. The employee also testified the Frontier lot had experienced a break-in that same morning and copper was missing from the scrap bin. Viewed in the light most favorable to the verdict, this testimony, combined with Appellant's

4

possession of a vehicle filled with copper near the Frontier lot at 4:00 a.m., provided a sufficient basis for the jury to conclude the wiring came from Frontier.

The absence of additional physical evidence does not render the proof insufficient. The jury may convict based on witness testimony and circumstantial evidence even in the absence of forensic evidence. The jury may also draw reasonable inferences from the evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Here, the State's case did not depend on fingerprints, blood samples, or tool marks. Rather, it relied on the totality of the circumstances, including the timing of the break-in, the discovery of Appellant's vehicle filled with copper near the Frontier lot, and testimony identifying the wiring as consistent with Frontier's scrap. The jury could reasonably rely on that evidence to find guilt beyond a reasonable doubt. From these facts, a rational factfinder could conclude Appellant unlawfully appropriated copper belonging to Frontier.

**Sufficiency of the Evidence of Value of the Copper**

Appellant also challenges the sufficiency of the evidence regarding value. He argues the State was required to prove the fair market value of the alleged stolen copper but failed to do so. He emphasizes that neither of the State's witnesses—Sergeant Vernier and Frontier's manager, Jason Penny—provided an actual valuation. Penny testified Frontier sold scrap copper "for pennies on the dollar," but he was unable to estimate the cash value of the material in this case because he only viewed a photograph and could not determine the quantity or condition of the wiring. Appellant further notes the copper in question was leftover scrap, encased in coating and tubing, and not yet in a condition to be recycled. Because the State did not present testimony establishing a

5

specific fair market value, Appellant contends the evidence was legally insufficient to prove this element of the offense.

Theft of any amount of copper with a value of less than $20,000 is a state jail felony. TEX. PENAL CODE ANN. § 31.03(e)(4)(F)(iii). The State was not required to prove an exact value amount; instead, the State was only required to prove "the value of the property [was] less than $20,000 and the property stolen [was] . . . copper . . . ." *Id.*[3]

Penny testified replacing a new spool of copper would cost approximately $15,000, though the recovered copper was scrap. However, Penny did testify Frontier receives some money from recycling scrap copper. Sergeant Vernier also testified the copper could be $150 or $15,000, but both are less than $20,000. Considering this testimony, the jury could rationally conclude the value of the copper was worth something, albeit less than $20,000. We conclude the evidence was sufficient to support Appellant's conviction. His sole issue is overruled.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

Alex Yarbrough
Justice

Do not publish.

---

[3] *See also State v. Empey*, 502 S.W.3d 186, 190–94 (Tex. App.—Fort Worth 2016, no pet.) (finding section 31.03(e)(4)(F) constitutional).