OPINION DELIVERED: March 23, 2018 Rehearing Denied May 25, 2018
Review Denied.
Eva M. Guzman Justice, delivered an opinion concurring in the denial of the petition for review.
This appeal challenges an order requiring a parent to pay $820 per month in child support for an adult child, indefinitely. Under Family Code section 154.302, a parent may be required to provide financial support to an adult child for "an indefinite period" if the child is incapable of self-support and requires substantial care and personal supervision because of a mental or physical disability existing on or before the child's eighteenth birthday.[1] The statute, however, lacks clearly defined standards for making the relevant factual determinations-and revisiting them in modification proceedings. Ill-defined standards lead to inconsistent treatment and, in some cases, injustice. Guidance is necessary because parental support obligations for adult children can result in lifelong financial burdens. In this case, however, I believe procedural impediments prevent the Court from adding sufficient clarity to the matter. Accordingly, I concur in the decision to deny discretionary review and write separately only to highlight some of the legal inquiries that require direction from the Legislature and guidance from the Court.
D.C.'s parents divorced when he was fourteen years old. Relying on lay testimony, the trial court found section 154.032's requirements were satisfied and, on that basis, ordered D.C.'s father to pay a fixed sum of child support indefinitely. The record bears no evidence that either party requested an independent medical examination, as authorized by Texas Rule of Civil Procedure 204.[2] Neither party appealed the final divorce decree.
The critical issue in the modification proceeding was whether D.C. continues to have a mental or physical disability that satisfies section 154.302's criteria. The Family Code does not define mental or physical disability or specify the type of proof required to meet the statutory standard. But parents need to know what they need to prove and how they need to prove it. Though these issues are percolating in the lower courts, many Texas families are affected; ad hoc adjudication is an inadequate solution. Guidance on a number of threshold matters is essential, including:
• What are the criteria for determining whether a child has a mental or physical disability? Is the standard determined by common understanding[5] or do we look to other sources such as, the federal Social Security Act,[6] state and federal anti-discrimination laws,[7] or something else?
• Is expert testimony required-either through a proffered expert or a Rule 204 medical examination-or is lay testimony from a parent or caregiver sufficient?
• What type of evidence is required to support a finding that a child is incapable of self-support? Must there be evidence that the child has tried and failed to obtain or maintain gainful employment? Is evidence of eligibility for or receipt of government disability benefits necessary? Is it sufficient?
Defining the relevant standards is crucial because once indefinite child support is granted additional evidentiary hurdles come into play and additional questions arise. An order of indefinite child support may be modified or terminated only if the moving party proves by a preponderance of the evidence that "the circumstances of the child or a person affected by the order have materially and substantially changed."[8] What is a material and substantial change in relation to a prior section 154.032 finding? Must a parent show a change in the nature of the disability itself or merely a change in how it impacts the child's everyday existence?
The statute is silent regarding the most basic evidentiary issues, many of which play out to some degree in this case. No expert medical evidence was offered either in the divorce or modification proceedings, *138 yet it is undisputed that the child has autism. Is that concession sufficient to establish the existence of a disability? After indefinite support was ordered, the child graduated from high school, obtained a bachelor's degree in both psychology and sociology, and enrolled in a master's degree program. He also lived alone during college, but with supervision by friends and family. Is this evidence of a material and substantial change? D.C.'s mother and sister testified about the care and support they and others are providing to help D.C. achieve academic success, as well as the additional expenses required to assist him. Is their testimony sufficient to establish that substantial care and supervision are necessitated by his neurological condition? D.C.'s mother testified she did not apply for Social Security disability benefits on D.C.'s behalf because receiving such benefits could impair his ability to get a job and become self-supporting when and if he completes his master's degree. In determining the amount of adult child support, the Family Code requires the trial court to consider "other resources or programs available for the support, care, and supervision of the adult child."[9] How does a joint or unilateral parental decision to decline other available support factor into the analysis in a modification proceeding?
The lower courts are routinely confronted with these issues.[10] As discussed in the dissent of a different case, the nature and quantum of proof has varied significantly in adult child-support cases.[11] This is highly problematic given the financial burden an obligation for lifetime child support imposes. Practitioners and the lower courts should be mindful of these unanswered questions when litigating section 154.302 issues. And, pending a legislative response, this Court should, in an appropriate case, give the lower courts guidance regarding how "detailed and specific" the evidence must be to meet section 154.302's standards.[12]
See Tex. R. Civ. P. 204; see also In re Weisinger , No. 14-12-00558-CV, 2012 WL 3861960, at *1-2 (Tex. App.-Houston [14th Dist.] Sept. 6, 2012, no pet.) (mem. op.).
Shortly after the modification suit was filed, D.C.'s mother obtained a psychological evaluation on her own accord, but it was not introduced into the record at trial, and no expert witness testified on D.C.'s or either parent's behalf.
No. 13-15-00486-CV, 2016 WL 3962713, at *7-9 (Tex. App-Corpus Christi July 21, 2016) (mem. op.) (citing Tex. Fam. Code § 156.401(a) ).
See Disability , Black's Law Dictionary 559 (10th ed. 2014) ("1. The inability to perform some function; esp., the inability of one person to alter a given relation with another person. 2. An objectively measurable condition of impairment, physical or mental, esp. one that prevents a person from engaging in meaningful work.").
See 42 U.S.C. § 423(1)(A) (defining "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...").
See Tex. Lab. Code § 21.002(6) (defining "disability" as "a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment"); see also 42 U.S.C. § 12102 (same).
See Tex. Fam. Code § 154.306 (the trial court "shall determine and give special consideration to" four specified factors in setting the amount of adult child support).
See, e.g. , In re T.W.G. , No. 05-16-00213-CV, 2017 WL 1427695, at *6 (Tex. App.-Dallas April 19, 2017, pet. pending) (mem. op.) (Whitehill, J., dissenting) (noting "there was no testimony about the condition's manifestation or how it impairs [the child]"); In re D.C. , 2016 WL 3962713, at *8 n.9 (discussing two different definitions of "disability" but concluding the trial court did not abuse its discretion under either); Thompson v. Smith , 483 S.W.3d 87, 94 (Tex. App.-Houston [1st Dist.] 2015, no pet.) (citing eligibility for Social Security benefits as evidence of a disability under section 154.302 ); In re T.A.N. , No. 07-08-00483-CV, 2010 WL 58334, at *4 (Tex. App.-Amarillo Jan. 8, 2010, no pet.) (mem. op.) (concluding the evidence supported an adult child needed "substantial care" and observing that a need for "continuous care" is not required under the statute).
See In re T.W.G. , 2017 WL 1427695, at *6-7 (Whitehill, J., dissenting) (comparing and contrasting the evidence supporting the award in T.W.G.'s case with the evidence produced in Thompson , 483 S.W.3d at 93-96 ).
See id. at *7.