# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00259-CV

**Appellant, Rodolfo Canales, Jr. // Cross-Appellants, Ken Paxton, in his Official Capacity as Attorney General of the State of Texas; and the Office of The Attorney General, in its Capacity as the Title IV-D Agency under Part D of the Social Security Act**

**v.**

**Appellees, Ken Paxton, in his Official Capacity as Attorney General of the State of Texas; and the Office of The Attorney General, in its Capacity as the Title IV-D Agency under Part D of the Social Security Act // Cross-Appellee, Rodolfo Canales, Jr.**

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-002678, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this declaratory judgment action, Rodolfo Canales asserted a facial challenge to the constitutionality of section 154.302 of the Texas Family Code, which authorizes the court to order either or both parents to provide for the support of a child for an indefinite period if it finds that the child "requires substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support." *See* Tex. Fam. Code § 154.302. Ken Paxton, in his official capacity as Attorney General of the State of Texas, and the Office of the Attorney General, in its capacity as the Title IV-D Agency under Part D of the Social Security Act (collectively, the Attorney General) filed a plea to the jurisdiction and both parties filed summary judgment motions. The trial court denied the Attorney General's plea to the jurisdiction but granted his summary judgment motion and rendered judgment that the statute was not

unconstitutional. On appeal, Canales challenges the trial court's summary judgment order and on cross-appeal, the Attorney General challenges the trial court's denial of his plea to the jurisdiction. We will affirm.

## BACKGROUND

Canales and his wife divorced in 2003. The final divorce decree stated that one of Canales's two children "requires substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support, that payments for the support of this child should be continued after the child's eighteenth birthday for an indefinite period, and that both parents have a duty to support the child." *See In re D.C.*, No. 13-15-00486-CV, 2016 WL 3962713, at *1 (Tex. App.—Corpus Christi July 21, 2016) (mem. op.), *pet. denied*, 549 S.W.3d 136 (Tex. 2018) (Guzman, J., concurring in denial of petition for review); *see also* Tex. Fam. Code § 154.302. In 2014, Canales sought to terminate the child support obligation, contending that the child "no longer requires substantial care and personal supervision because of a mental or physical disability and has been capable of self-support for several years." *In re D.C.*, 2016 WL 3962713, at *2. The trial court denied the request to terminate the child support obligation. *Id.* at *4. The court of appeals affirmed the trial court's order. *Id.* at *10.

Canales then sued the Attorney General under the Uniform Declaratory Judgments Act (UDJA) seeking declaratory and injunctive relief based on his claim that Texas Family Code section 154.302 was "unconstitutionally vague under the void for vagueness doctrine because it does not provide fair notice of the law's terms and demands as required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." The Attorney General filed a plea to the jurisdiction asserting that the district court lacked subject-

2

matter jurisdiction over Canales's UDJA claim because he sought to enjoin the Attorney General from "collecting or establishing child support under a court order" in contravention of Texas Government Code section 22.002(c). *See* Tex. Gov't Code § 22.002(c) ("Only the supreme court has the authority to issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform."). Both Canales and the Attorney General also filed competing motions for summary judgment, joining issue on the constitutionality of Family Code section 154.302.

The trial court denied the Attorney General's plea to the jurisdiction, granted his motion for summary judgment, and rendered judgment in the Attorney General's favor. Canales perfected an appeal challenging the trial court's summary judgment ruling and the Attorney General perfected a cross-appeal asserting that the trial court erred by denying his plea to the jurisdiction.

## DISCUSSION

### *The Attorney General's cross-appeal*

In his first issue on cross-appeal, the Attorney General asserts that the district court lacks jurisdiction over this case because it seeks to enjoin an officer of an executive department of the state government in contravention of Government Code section 22.002(c). *See id.* § 22.002(c). Canales brought suit against the Attorney General pursuant to the UDJA seeking declaratory and injunctive relief. Canales alleged that section 154.302 of the Texas Family Code is unconstitutionally vague and sought declaratory judgment that the statute violates the due

3

process guarantees of the Fourteenth Amendment to the United States Constitution. He also sought an injunction barring the Attorney General from "collecting or establishing adult child support under" the statute.

Sovereign immunity does not bar a suit challenging the constitutionality of a statute and seeking only equitable relief. *Patel v. Texas Dep't of Licensing & Reg.*, 469 S.W.3d 69, 76-77 (Tex. 2015). Nevertheless, the Attorney General argued that Texas Government Code section 22.002(c) barred Canales's UDJA claim. Section 22.002(c) provides that only the Supreme Court of Texas may issue "a writ of mandamus or injunction, or any other mandatory or compulsory writ or process" to a constitutionally designated executive officer to "compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform." Tex. Gov't Code § 22.002(c). The Attorney General is such a constitutionally designated executive officer. Tex. Const. art. IV, § 1. In the present case, however, Canales seeks to enjoin the Attorney General from acting under what he contends is an unconstitutional statute. Thus, Canales is seeking to restrain what he maintains is an unlawful act, rather than to compel a lawful action. A district court has original jurisdiction to issue an injunction prohibiting unlawful executive action. *See Witt v. Whitehead*, 900 S.W.2d 374, 375-76 (Tex. App.—Austin 1995, writ denied) (holding that where state executive's delegation of responsibility was beyond officer's authority, district court "can grant permanent injunctive relief to prohibit enforcement" of that unlawful delegation); *Kaufman County v. McGaughey*, 21 S.W. 261, 262 (Tex. App.—Austin 1893, writ ref'd) (holding that predecessor to section 22.002(c), identical in relevant respects, applied to orders compelling action that state executives "are authorized to perform," but not orders prohibiting acts that "have been, or will be, committed without and in excess of lawful authority"). In this suit, Canales does not seek to

4

compel the Attorney General to do any act or perform any duty that he is authorized to perform. To the contrary, Canales asserts that section 154.302 is unconstitutional and, consequently, that the Attorney General had no authority to enforce an order entered pursuant to that statute. *See Ex parte E.H.*, 602 S.W.3d 486, 494 (Tex. 2020) (observing that unconstitutional statute is void from its inception and is to be considered no statute at all); *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1998) ("An unconstitutional statute is void from its inception and cannot provide a basis for any right or relief."); *Sharber v. Florence*, 115 S.W.2d 604, 607 (Tex. 1938) ("The general rule is that a void statute is no law, and therefore cannot confer any rights, bestows no power on any one, and justifies no acts performed under it."). The district court had jurisdiction over Canales's suit. We overrule the Attorney General's first issue in his cross-appeal.

In his second issue, the Attorney General asserts that if this Court affirms the denial of his plea to the jurisdiction, we should modify the language of the trial court's final judgment to include a recitation that the suit was "dismissed with prejudice" or that "Plaintiff take nothing." According to the Attorney General, this language is necessary to give the trial court's judgment preclusive effect as to Canales. *See Barr v. Resolution Tr.*, 837 S.W.2d 627, 628 (Tex. 1992) (explaining that res judicata is generic term for group of related concepts concerning preclusive effects given final judgments). Res judicata, or claim preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as matters that, with the use of diligence, should have been litigated in the prior suit. *Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984). Issue preclusion, or collateral estoppel, prevents relitigation of particular issues already resolved in a prior suit. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent

5

jurisdiction, (2) the same parties or those in privity with them, and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). The Attorney General's concern appears to be that the judgment signed by the trial court does not constitute a "final judgment" on the merits because it does not state that "Plaintiff take nothing." This concern is unfounded. The trial court's judgment in this case is final, notwithstanding that it does not include the recitation that Canales "take nothing." The judgment recites

**IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. Defendants' First Amended Plea to the Jurisdiction is **DENIED**;

2. Plaintiff's Motion for Summary Judgment is **DENIED**; and

3. Defendant's Motion for Summary Judgment is **GRANTED**. Final Judgment is rendered in Defendant's favor.

**IT IS FURTHER ORDERED** that:

4. All relief not granted in this Judgment is **DENIED**.

5. This Judgment disposes of all claims and parties, and is final and appealable.

This is a final judgment. It is not necessary to add language that "Plaintiff takes nothing" to render this judgment final. *See Pines of Westbury, Ltd. v. Paul Michael Constr., Inc.*, 993 S.W.2d 291, 294 (Tex. App.—Eastland 1999, pet. denied) (summary judgment is final judgment on merits that bars relitigation of case). We overrule the Attorney General's second issue in his cross-appeal.

*Canales's appeal*

In three issues, Canales asserts that the trial court erred in concluding that Texas Family Code section 154.302 is not facially unconstitutional. Canales argues that the statute

6

lacks definitions, standards, and guidelines rendering it facially unconstitutional under the void-for-vagueness doctrine. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972); *Commission for Lawyer Discipline v. Benton*, 980 S.W.2d 425, 437 (Tex. 1998). A statute that prohibits conduct that is not sufficiently defined is void for vagueness. *Grayned*, 408 U.S. at 108; *Benton*, 980 S.W.2d at 437. "The vagueness doctrine is a component of the Constitution's due process guarantee." *Benton*, 980 S.W.2d at 437. The United States Supreme Court recently explained

> The void-for-vagueness doctrine, as we have called it, guarantees that ordinary people have "fair notice" of the conduct a statute proscribes. And the doctrine guards against arbitrary or discriminatory law enforcement by insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges. In that sense, the doctrine is a corollary of the separation of powers—requiring that Congress, rather than the executive or judicial branch define what conduct is sanctionable and what is not.

*Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018). The void-for-vagueness doctrine applies to both criminal and civil statutes that proscribe conduct, but "the degree of vagueness that the Constitution [allows] depends in part on the nature of the enactment," and the Supreme Court has "expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Villiage of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99 (1982). A due process violation occurs when the conduct that is prohibited is stated in such vague terms that people of common intelligence must guess at what is required. *See King Street Patriots v. Texas Democratic Party*, 521 S.W.3d 729, 743 (Tex. 2017) ("When persons of common intelligence are compelled to guess a law's meaning and applicability, the law violates due process and is invalid." (citing *Grayned*, 408 U.S. at 108)).

7

In Texas Family Code section 154.302, the Legislature set forth the circumstances and conditions under which child support may be ordered for a disabled child after the child has reached the age of eighteen.  Section 154.302 provides

> (a) The court may order either or both parents to provide for the support of a child for an indefinite period and may determine the rights and duties of the parents if the court finds that:
>
> (1) the child, whether institutionalized or not, requires substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support; and
>
> (2) the disability exists, or the cause of the disability is known to exist, on or before the 18th birthday of the child.
>
> (b) A court that orders support under this section shall designate a parent of the child or another person having physical custody or guardianship of the child under a court order to receive the support for the child.  The court may designate a child who is 18 years of age or older to receive the support directly.

Tex. Fam. Code § 154.302.  The statute does not proscribe any conduct and, consequently, does not violate due process guarantees by failing to provide a person with fair notice of prohibited conduct.  *See Grayned*, 408 U.S. at 108 ("It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.").  Because the statute does not prohibit conduct, there is no danger that it may "trap the innocent by not providing fair warning" or result in "arbitrary and discriminatory enforcement."  *See id.*  Nor does it "operate to inhibit the exercise of [basic First Amendment] freedoms" or cause citizens to "'steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked."  *Id.* (quoting *Baggett v. Bullitt*, 377 U.S. 360, 372 (1964), *Cramp v. Board of Pub. Instruction*, 368 U.S. 278, 287 (1961)).  The cases Canales relies on all involve statutes that proscribe conduct and in each, the court considers whether the prohibited conduct is defined clearly

enough to provide people of ordinary intelligence fair notice and to prevent arbitrary and discriminatory enforcement. The statute at issue in this case does not purport to proscribe or regulate conduct. *See Combined Law Enf't Ass'ns of Tex. v. Sheffield*, No. 03-13-00105-CV, 2014 WL 411672, at \*12 (Tex. App.—Austin Jan. 31, 2014, pet. denied) (mem. op.) (holding civil statute that does not prohibit any activity not unconstitutionally vague). Instead, it sets forth the circumstances under which a court can order child support for an indefinite period.

Canales argues that section 154.302 is void for vagueness because it does not define the terms "mental or physical disability," "disability," "substantial care," "personal supervision," "capable," "will not," and "self-support." Assuming that section 154.302 imposes some type of economic regulation and is therefore susceptible of a constitutional void-for-vagueness challenge, the statute need only provide a reasonable degree of certainty as to its application to provide fair notice. *See Vista Healthcare, Inc v. Texas Mut. Ins.*, 324 S.W.3d 264, 273-74 (Tex. App.—Austin 2010, pet denied). The statute details what a court must find before it can order a parent to pay child support for an indefinite period. *See* Tex. Fam. Code § 154.302. A statute is not rendered unconstitutionally vague merely because the words or terms are not specifically defined. *Rooms With a View, Inc. v. Private Nat'l Mortg. Ass'n Inc.*, 7 S.W.3d 840, 845 (Tex. App.—Austin 1999, pet. denied). "Courts recognize the myriad of factual situations that may arise and allow statutes to be worded with flexibility," as long as they provide fair notice. *Id.* Terms not defined in a statute are to be given their plain and ordinary meaning. *See State v. $1,760.00 in U.S. Currency*, 406 S.W.3d 177, 180 (Tex. 2013). If an undefined term has multiple common meanings, it is not necessarily ambiguous or vague; rather, courts apply the definition most consistent with the context of the statutory scheme. *See Thompson v. Texas Dep't of Licensing & Reg.*, 455 S.W.3d 569, 571 (Tex. 2014). Words defined in dictionaries and

with meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite. *Zaborac v. Texas Dep't of Pub. Safety*, 168 S.W.3d 222, 225 (Tex. App.—Fort Worth 2005, no pet.). In fact, courts reviewing orders to pay child support pursuant to section 154.302 have employed such statutory construction tools when interpreting the statute. *See, e.g.*, *In re J.M.C.*, 395 S.W.3d 839, 845 (Tex. App.—Tyler 2013, no pet.) (considering ordinary meaning and dictionary definitions of terms "capable," "substantial," and "support" when construing Texas Family Code section 154.302).

Canales also argues that the statute does not provide sufficiently detailed guidance as to the standards of proof, the guidelines or criteria courts should apply, or the type and nature of evidence that would satisfy the statute's requirements. Such alleged deficiencies do not, however, render the statute facially unconstitutional. Section 154.302 provides reasonably clear guidelines and objective criteria. The court must find that both prongs of the statute are met before awarding indefinite child support. The Texas Family Code also provides various standards, guidelines, and objective criteria for establishing child support and modifying an existing child support order. *See, e.g.*, Texas Fam. Code ch. 154 (guidelines for child support); *id.* § 156.401 (modification of child support order). Established legal precedent places the burden of proof on the party seeking child support for a disabled child. *See In re J.S.*, No. 05-16-00138-CV, 2017 WL 894541, at *10 (Tex. App.—Dallas Mar. 6, 2017, no pet.) (mem. op.). Supreme Court Justice Guzman has noted that the statute leaves "unanswered questions when litigating section 154.302 issues" and asserts that the Texas Supreme Court "should, in an appropriate case, give the lower courts guidance regarding how 'detailed and specific' the evidence must be" to meet the statute's standards. S*ee In re D.C.*, 549 S.W.3d at 136-38 (Guzman, J., concurring in denial of petition for review). Rather than conclude that the statute was unconstitutional,

10

however, Justice Guzman expressed the view that the Texas Supreme Court should provide guidance to the lower courts charged with considering requests for, and modification of, indefinite child support orders pursuant to section 154.302 to forestall "inconsistent treatment and, in some cases, injustice." *Id.*[1]

We conclude that the trial court did not err in granting the Attorney General's motion for summary judgment and rendering judgment that Texas Family Code section 154.302 is not unconstitutional under the void-for-vagueness doctrine. We overrule Canales's three issues.

## CONCLUSION

Having overruled Canales's three issues and the Attorney General's two issues on cross-appeal, we affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed: September 30, 2020

_____

[1] A statute that is facially unconstitutional under the void-for-vagueness doctrine cannot be cured by judicial interpretation as this would run afoul of the separation of powers. *See Sessions v. Dimaya*, 138 S.Ct. 1204, 1212 (2018) (noting that void-for-vagueness doctrine "is a corollary of the separation of powers—requiring that Congress, rather than the executive or judicial branch, define what conduct is sanctionable and what is not").

11